BLUMENTHAL ET AL. v. THE STATE.

[No. 2,949.   Filed Oct. 28, 1898.   Rehearing denied Mar. 7, 1899.]

HIGHWAYS.—*User.*—*Railroads.*—A highway may be acquired by user over lands appropriated and used as a railroad right of way. *pp. 665, 666.*

SAME.—*User.*—The uninterrupted use of a road by the public continuously for twenty years constitutes it a public highway. *p. 666.*

From the Lake Circuit Court.   *Affirmed.*

*N. O. Ross* and *G. E. Ross*, for appellants.

*W. A. Ketcham*, Attorney-General, *Merrill Moores* and *T. S. Fancher*, for State.

ROBINSON, J.—This cause was transferred to this court by the Supreme Court. Appellants were tried and convicted for obstructing a public highway. The only error assigned is the overruling of the motion for a new trial. A new trial was asked because the finding of the court was contrary to law and the evidence.

The highway in question lies within the right of way of the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, and parallel to the track; and if a highway exists at the place in question, it was established by user.

It is argued by counsel that the land in controversy, having been appropriated for and used by the railway company for its right of way, cannot be appropriated, either directly or indirectly, for another and different use. But this question has been decided adversely to appellants in the case of *Pittsburgh, etc., R. Co.* v. *Town of Crown Point*, 150 Ind. 536. In that case the court said: "One proposition relied upon by the appellant is that, having appropriated land to its right of way and station grounds, no power existed to take, by direct proceedings, any part

thereof laterally for a street or public highway, and that, therefore, no right existed to take the same indirectly, as by user or estoppel. It is not doubted that lands appropriated to one public use are not, in the absence of special authority, subject to condemnation for another and inconsistent public use. This case, however, presents no question at variance with this doctrine. The question here is, can a railroad company, holding property for the uses of a railway, part with the same for another public use? That it may do so by express grant is not doubted; that the doctrine urged is for the protection of the holder of the first public use is certain; that the railroad company may waive this protection seems equally certain; and if it may, just why the company is not bound by the principles of waiver and estoppel under which the individual may surrender his lands to the easement of a street or highway arising from adverse user, it is difficult to see. That one public use may be lost by user or dedication to another has been directly decided." *Board, etc.*, v. *Huff*, 91 Ind. 333; *Easley* v. *Missouri, etc.*, *R. Co.*, 113 Mo. 236, 20 S. W. 1073; *Turner* v. *Fitchburg R. Co.*, 145 Mass. 433, 14 N. E. 627.

The only remaining question argued is the sufficiency of the evidence. There was evidence that the public had continuously, without interruption used the road in question as a highway for more than twenty years prior to the obstruction complained of. In the case of *Hart* v. *Trustees, etc.*, 15 Ind. 226, it was held that the uninterrupted use of a road by the public continuously for twenty years constituted it a public highway of an undefined width, and it was limited to the width it occupied at the end of the twenty years. See *Board, etc.*, v. *Huff*, *supra*. There is no error in the record. Judgment affirmed.