[No. 3904.   Decided September 21, 1901.]

COUNTY OF YAKIMA, *Respondent,* v. A. P. CONRAD *et al., Appellants.*

| 26 | 155 |
| 37 | 123 |
| e37 | 691 |
| e38 | 119 |
| d38 | 665 |

HIGHWAYS — ESTABLISHMENT BY PRESCRIPTION — SUFFICIENCY OF EVIDENCE.

In an action to restrain defendants from obstructing a public highway the court was warranted in finding the establishment by prescription of a road forty feet in width, when it appeared from the evidence that the road had been used by the public for over twenty years, during more than ten of which the land on which it was located was public land of the United States; that the road as used was wide enough for two or three wagons to pass abreast; that there had been variations of a few feet from time to time in the road as traveled; and that the road had not been fenced by defendants until after the prescriptive rights of the public had become matured.

SAME — PUBLIC USER — WIDTH OF ROAD.

The act of the court in decreeing the establishment by prescription of a highway forty feet in width was not erroneous, where the law fixed the maximum width of county roads at sixty feet and the minimum width at thirty feet, since an easement, when acquired by user, cannot be limited to the actual beaten path, but may be as broad as the public require for passing as well as for traveling in one direction.

Appeal from Superior Court, Yakima County.—Hon. JOHN B. DAVIDSON, Judge. Affirmed.

*Whitson & Parker,* for appellants.

*John J. Rudkin,* Prosecuting Attorney, for respondent.

The opinion of the court was delivered by

WHITE, J.—This is an action by the county of Yakima to restrain the appellants from fencing up or in any manner obstructing public travel upon the line of a certain road. The road is described in the complaint, and it is alleged that for twenty-five years last past a public road sixty feet in width has been kept up and maintained by said county on the line of said road; that during all of said time said road has been used and traveled without interruption by the general public, and such use has been open and notorious and under a claim of right; and that during the period of twenty-five years the road has been worked and kept up at the expense of the public by and through the board of county commissioners of Yakima county and the road supervisors thereof. It is further alleged that in 1899 the appellants wrongfully and unlawfully obstructed said road by constructing and maintaining a fence across said road upon and along the east and south lines of section 23, township 12 north, of range 15 east, and since said time have prevented the public from using said road. The court found that for twenty-

five years last past a public road forty feet in width had been kept up and maintained by the county upon the line of the road set out in the plaintiff's complaint; that during all of said times said line of road has been used and traveled without interruption by the general public, and such use has been open and notorious and under a claim of right; that during said period of twenty-five years the road has been worked and kept up at the expense of the public, by and through the county commissioners of Yakima county and the road supervisors thereof; and that the appellants wrongfully obstructed it in the manner complained of. This road was over public lands within the grant of the Northern Pacific railroad. The title to the lands in section 23, township 12 north, of range 15 east, W. M., vested in the railroad on May 24, 1884. The obstruction was placed by appellants at the east line of said section by building a fence across the road. Testimony was taken on June 18, 1900. Eglin, a witness for respondent, "knew the road for twenty-five years or twenty-eight years. It was used by the general public that long. It was always left open for public travel until this summer (1900). Last summer there was a gate put in. That gate was at the lower end of section 23. Road work was done on the road for twenty-five or more years. The lower end of the road on section 23 was used for more than ten years and the upper end runs exactly where it has been for twenty-five years. They have changed it around a little, but not very much, not to exceed eighty or a hundred feet." Rudkin, for the respondent, testified that he was familiar with the road for fifteen or twenty years. His testimony is to the effect "that the road described in the complaint across section 23, etc., is the same old road always used and that it had been worked as a county

road every year; that where it was obstructed it had been traveled for over fifteen years as a county road; that it has never been changed more than the distance of two wagons passing each other." John Wetzel, for the respondent, testified "that he had known the road for twenty years; was familiar with the way it ran across the section; that the road was not changed until last year; that it had been a road for twenty years, had been worked as such and kept in good condition, and was the main traveled road. There were some little changes in the line of the road, about twenty-five feet." He testified to the obstruction of the road last summer, and that then the road was moved over on to the reservation. From the testimony, this would seem to be the Indian reservation. Mr. Roberts, for appellants, testified "that the road had been changed several times on the land of the appellants; that from the start it had not been changed where the fence had been placed across it; that the road had been used for over twenty years at that place." J. H. Conrad, for the appellants, testified "that he had known of the road since 1871; that the road was changed across section 23 three or four times; that the public had used part of the road on section 23 for twenty years last past." Albert Conrad, one of the appellants, testified "that he fenced up the wagon track seven years ago and put in gates and the general public were allowed the use by opening gates." Jack Shaw, for the appellants, testified that the road was not materially changed where it went through section 23. Bart Conrad, one of the appellants, testified "that the road had been changed a little bit across section 23, probably forty feet for a quarter of a mile; that they never disputed the right of the public to use the road until they changed it over on to the reservation about a year ago."

This, in substance, is the testimony. The testimony as to changes in the road on appellants' land is not very clear. The material changes seem to have been on other parts of the road. The evidence as to the width of the road is not clear; there is no testimony further than it was the width of two or three wagons. The court fixed the width of the road at forty feet. We think the court was justified in finding from the evidence the facts as found by the court, and that this case falls within the rule laid down by this court in *Smith v. Mitchell,* 21 Wash. 536 (58 Pac. 667, 75 Am. St. Rep. 858), and *State v. Horlacher,* 16 Wash. 325 (47 Pac. 748). Fencing a road after the prescriptive rights of the public had become matured is immaterial. The first act of the appellants evincing any intention to exclude the public from the uninterrupted use of the road was when they moved the road over on the reservation. Under the general laws of this state, at the time the rights of the public became fixed in this road the maximum width of county roads was sixty feet, and the minimum width thirty feet. This is a circumstance that the court could take into consideration in fixing the width of the road. After the right to a highway has been acquired by usage, the public are not limited to such width as has actually been used. The right acquired by prescription and use carries with it such width as is reasonably necessary for the public easement of travel, and the width must be determined from a consideration of the facts and circumstances peculiar to the case. Whatever may be the width in any particular case, the easement, when acquired by user, cannot be limited to the actual beaten path. *Whitesides v. Green,* 13 Utah, 341 (44 Pac. 1032, 57 Am. St. Rep. 740); Elliott, Roads & Streets (2d ed.) § 174, and cases cited. It is generally a question of fact to be deter-

mined under the circumstances of each particular case, and the easement may be as broad as the public require for passing as well as traveling in one direction. *Davis v. Clinton,* 58 Iowa, 389 (10 N. W. 768).

The judgment of the court below is affirmed.

REAVIS, C. J., and DUNBAR, MOUNT, ANDERS, FULLERTON and HADLEY, JJ., concur.