[No. 4999. Decided February 20, 1905.]

THE CITY OF SEATTLE, *Appellant,* v. E. M. SMITHERS *et al., Respondents.*[1]

APPEAL AND ERROR—STATEMENT OF FACTS—REVIEW. A statement of facts is not necessary in an equity case triable *de novo* on appeal, where the only question for review is whether or not the findings support the conclusions of law and the decree.

HIGHWAYS—ADVERSE USE—WAY BY PRESCRIPTION. Where a county road has been generally traveled by residents and the public at large, adversely and continuously for more than twenty years,

[1]Reported in 79 Pac. 516.

the use could not have been permissive, and it becomes a public road by prescription, regardless of work thereon at the public expense.

SAME. Bal. Code, § 3846, providing that the public working and use of a road for seven years shall be sufficient to constitute a road by prescription, does not require the expenditure of public work or money where the prescriptive period is co-extensive with the period of limitation for quieting title to land.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 24, 1903, upon findings in favor of the defendants, after a trial before the court without a jury, dismissing on the merits an action to enjoin the obstruction of a county road. Reversed.

*Mitchell Gilliam* and *Hugh A. Tait,* for appellant.

*Fulton & Faben,* for respondents.

MOUNT, C. J.—This action was brought by appellant to perpetually enjoin the respondent from fencing up, and otherwise obstructing, a road known as the "county road," for the reason that the said road is a public highway, and the obstruction thereof unlawful. The road in question extends in a northerly direction from the north end of Dexter avenue, in the city of Seattle, to and beyond the town of Fremont, across and upon a certain tract of land owned by respondent Smithers, and lying within the corporate limits of the city of Seattle. Appellant bases its contention upon the fact that the road in question is a public highway by prescription and adverse user. Upon the trial on the merits, the lower court made findings of fact, and thereupon entered a decree dismissing the action. This appeal is taken from that decree.

The evidence is not brought here, but the appellant relies solely upon findings, as made by the lower court. Respondents move to dismiss the appeal upon the ground that the case, being an equity case, must be tried here *de novo,*

and that, since the evidence is not brought here, no such
trial can be had. This court has held that, "it is not
necessary that there should be any statement of facts in
order that an appeal should be entertained by this court for
the purpose of determining whether or not the conclusions
of law and decree were warranted by the findings of fact."
*Watson v. Sawyer,* 12 Wash. 35, 40 Pac. 413, 41 Pac. 43.
For the purposes of this appeal, both parties are bound by
the findings made by the lower court. If these findings do
not support the decree, but show that the appellant is en-
titled to the decree prayed for, the case must be reversed.
Otherwise it must be affirmed. The motion must therefore
be denied.

The principal findings made by the lower court, and
the only ones necessary to be considered upon this appeal,
are as follows:

"3. That there is now, and for more than twenty-five
years immediately preceding the commencement of this
action and ever since the year 1878, has been, a plainly
marked and defined and generally traveled road across
said Smithers tract of land and leading in a northerly
direction from the northerly extension of said Dexter ave-
nue from said city of Seattle to and beyond the town of
Fremont, which said road has, during all of said time, and
ever since the said year 1878 been generally, habitually
and universally traveled by the citizens and residents of
said city of Seattle and by the public at large, adversely,
continuously, and uninterruptedly, down to the month of
February, 1903.

"4. That prior to the year 1890, during which year
that certain road or highway known as the Boulevard was
completed, said road across said Smithers tract, which was
during all of said time, and is now, known and designated
as the county road, was the generally, universally and only
traveled road between said city of Seattle to and beyond
said town of Fremont, and that, ever since the completion
of said road or highway known as the Boulevard, said road

across said Smithers tract, known and designated as the county road as aforesaid, has been continuously, adversely and uninterruptedly used by said citizens of Seattle and the general public down to said month of February, 1903.

"5.   That during said month of February, 1903, and immediately preceding the commencement of this action, said defendants and each of them obstructed said roadway across said Smithers tract and prevented the same from being used by the citizens of Seattle and the general public by means of fences and ditches erected and excavated across the same, and by means of plowing the same up, and that they threatened and held out, and continue to threaten and hold out, that it is their purpose and intention to obstruct said roadway across said Smithers tract so as to prevent the public or any person or persons whomsoever from using or traveling the same. . . .

"9.   That neither said city of Seattle nor the county of King wherein said city is situate has, by its proper officer or officers, or at all, ever done or performed any work or labor upon said roadway, or kept up or maintained the same, and that all work and labor done and performed upon said roadway for the purpose of keeping the same in condition for public travel, has been done by private citizens."

It will be noticed that the court specifically finds that the road in question had been "generally, habitually and universally traveled by the citizens and residents of said city of Seattle and by the public at large, adversely, continuously and uninterruptedly," for a period of twenty-five years.   There is no finding to the effect that this use was a permissive use.   The finding that the use was adverse, continuous, and uninterrupted necessarily excludes the idea that it was permissive.   No authority is called to our attention which holds that the use herein found does not constitute a highway by prescription.   On the other hand, authorities are numerous which hold that a road or street which has been used by the general public adversely

for the period of twenty years becomes a public highway by prescription. *Shugarte v. Halliday,* 2 Ill. App. 45; *Commonwealth v. Coupe,* 128 Mass. 63; *Ross v. Thompson,* 78 Ind. 90; *Blumenthal v. State,* 21 Ind. App. 665, 51 N. E. 496; *Howard v. State,* 47 Ark. 431, 2 S. W. 331; *McAllister v. Pickup,* 84 Iowa 65, 50 N. W. 556; *Longworth v. Sedevic,* 165 Mo. 221, 65 S. W. 260.

In *Shell v. Poulson,* 23 Wash. 535, 63 Pac. 204, this court said:

"We also reaffirm the doctrine announced in *Smith v. Mitchell,* 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858, and fully appreciate the sentiment that the validity of public highways should be recognized by the courts whenever the law has been substantially complied with in the establishment of the same by the proper tribunal, *or whenever the public has been in the unquestioned, adverse, and uninterrupted use of the same for the necessary period of time."*

See, also, *Megrath v. Nickerson,* 24 Wash. 235, 64 Pac. 163; *Yakima County v. Conrad,* 26 Wash. 155, 66 Pac. 411; *Wasmund v. Harm,* 36 Wash. 170, 78 Pac. 777.

The lower court was evidently of the opinion that, before a road could become a public highway by prescription, public work or money must have been expended thereon, under the provisions of Bal. Code, § 3846, because a finding was made to the effect that no work has been done on the road at public expense. But this statute does not apply to roads which have been used adversely for a period of time sufficient to constitute a road by prescription without public expense thereon. It applies to cases only where public work and money have been expended. In such cases seven years' user is made sufficient. In other cases the prescriptive period is co-extensive with the period of limitation for quieting title to the lands. *Wasmund v. Harm, supra.* The purpose of this statute was evidently to lessen the prescriptive period, when public work and money had

been expended.    It does not affect the rule in cases where no public work has been done.    This being the effect of the statute, it follows that the findings of the trial court show a public highway by prescription.

The judgment appealed from is therefore reversed, and the cause remanded with directions to the lower court to grant the relief prayed for.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.
RUDKIN, ROOT, and CROW, JJ., took no part.