[No. 10286. Department Two. February 13, 1913.]

*In the Matter of the Improvement of* TWENTY-SECOND AVENUE SOUTHWEST.

THE CITY OF SEATTLE, *Appellant*, v. WILLIAM MOELLER, *Respondent.*[1]

HIGHWAYS—ESTABLISHMENT—PRESCRIPTION — EVIDENCE — SUFFICI-ENCY. A sixty-foot strip of land, petitioned for as a county road in 1873, is not established as a highway by prescription, where its use as a highway was begun in 1895, without record authority, and was interrupted in 1904 by placing fences with gates across it and posting notices declaring it to be private property; since the use was not uninterrupted and continuous for ten years.

ESTOPPEL—BY RECORD—HIGHWAYS—PETITION TO VACATE. A petition to vacate a portion of a highway does not estop the signer from asserting title thereto, on denial of the petition, where the necessary elements of an estoppel are not present.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 6, 1912, in favor of the defendant, vacating an assessment roll for a local improvement, after a trial on the merits before the court. Affirmed.

[1]Reported in 129 Pac. 884.

*James E. Bradford* and *William B. Allison,* for appellant.
*Bostwick & Steele,* for respondent.

Main, J.—This is an appeal by the city of Seattle from a judgment of the superior court of King county, setting aside an assessment roll for local improvement district No. 2,497, for the improvement of Twenty-second avenue southwest.

The property within the confines of the district is owned by William Moeller, the Coryell Investment Company, a corporation, and the Westerman Iron Works, a corporation. There was exempted and excepted from the assessment roll a strip of land sixty feet wide extending across the entire width of the district. The sole question involved in this appeal is whether this sixty-foot strip is private property or a public highway.

Some time during the year 1875, certain persons living in proximity to the property now confined within the limits of the assessment district, and others living more remote therefrom, desired that a county road be laid out and established, starting from a certain fir tree located on what is known as Alki Point, and extending by a somewhat circuitous route in a general southeasterly direction toward the then suburb of the city of Seattle, known as Georgetown. To this end a petition was prepared and presented to the board of county commissioners of the county of King, requesting that road No. 51 be laid out and established over the route indicated. The county commissioners took no steps to acquire title to the property over which the proposed highway should pass, either by a condemnation proceeding or by receiving conveyances therefor, at least as to that portion of road No. 51 involved in this proceeding. Nothing further appears to have been done until the fall of the year 1895, when it was opened for traffic, and from that time until August, 1904, more or less traffic passed over that portion of the route of the proposed highway which is involved in this

proceeding.   August 12, 1904, the respondent, William Moeller, purchased property which he now owns within the district, and immediately thereafter began the erection of a house thereon, which stood in the path of the highway; and he also erected, or caused to be erected, fences across the proposed highway, permitting the public, however, to pass through by means of gates.   During the earlier part of the year 1904, notices had been posted upon the property in question, which declared it to be private property.    On March 17, 1905, the respondent, Moeller, together with a number of other persons owning property in the vicinity, and certain persons who were not property owners therein, petitioned the county commissioners for the vacation of certain portions of proposed road No. 51, including that portion involved in this proceeding.   The petition was denied.

During the year 1907, the boundaries of the city of Seattle were extended so as to include the property now within assessment district No. 2,497.   The strip of land exempted from assessment by the assessment roll is that over which proposed road No. 51 passed.   This sixty-foot strip has continuously been assessed for general taxes, and such taxes have been paid.   It has also been assessed by the city of Seattle a number of times for certain local improvements.

In the trial court, the parties to this proceeding entered into a stipulation by which the issues submitted to that court were confined to one question, and that is, as to whether or not the sixty-foot strip within the assessment district, which was exempted from the assessment, is a street or highway, or private property.   That portion of the stipulation which is pertinent to the inquiry here is as follows:

"It is further stipulated and agreed that if it be established by the city of Seattle upon the trial of this cause that the said sixty-foot strip of land omitted from said assessment roll is a public highway and thoroughfare, then the assessment roll shall be confirmed; but if the city of Seattle shall fail to establish the said sixty-foot strip of land as a public highway and thoroughfare, then said assessment roll shall be set

aside and returned to the proper authorities of the city of Seattle, to be recast in accordance with the direction of the court, to include therein the said sixty-foot strip, or such portion thereof as shall not be established as public highway or thoroughfare."

The trial court found it to be private property, and directed that the assessment roll be recast. The city appeals.

The appellant's first contention is that the sixty-foot strip of land in question became a public highway by general, uninterrupted, and continuous public use. In order to establish a highway by prescription, it is necessary that the public use must be general, uninterrupted, and continuous for a period of ten years, under a claim of right. This court, in *Shell v. Poulson*, 23 Wash. 535, 63 Pac. 204, states the principle in these words:

"To establish a highway by prescription there must be an actual public use, general, uninterrupted, and continuous, for ten years, under claim of right."

The undisputed facts in this case are that the public use of the sixty-foot strip in question began during the fall of the year 1895, and was interrupted during the month of August, 1904, provided the placing of the fences across the sixty-foot strip, with gates placed therein for the public to pass through, and the posting of notices declaring it to be private property, are sufficient to arrest the running of the prescriptive right. On this question the law appears to be, that any unambiguous act by the owner which evidences his intention to exclude the public from the uninterrupted use of the highway destroys the immature prescriptive right. *Jones v. Davis*, 35 Wis. 376; *Shellhouse v. State*, 110 Ind. 509, 11 N. E. 484. In *Shellhouse v. State*, there is found this paragraph:

"A highway, from its very nature, must be open to the public use day and night, and any unambiguous act by the owner, such as erecting gates or bars over the highway, which evidences his intention to exclude the public from the

uninterrupted use of the highway, destroys the prescriptive right, unless it had fully matured before it was interrupted."

We think that the posting of notices and the erection of the fences and gates by the respondent, Moeller, destroyed the prescriptive right in the sixty-foot strip in question, for the reason that such right had not fully matured when the intention to exclude the public from the uninterrupted use of that portion of the highway was manifested.

The appellant also contends that the respondent, Moeller, is estopped from asserting that the sixty-foot strip is not a public highway, by reason of the petition which he and others filed with the county commissioners on the 17th day of March, 1905, praying that this strip, together with other portions of the highway, be vacated. We have examined this petition with care, and find nothing in it to justify such a conclusion. The necessary elements of an estoppel are not present. The appellant in its brief cites no authority in support of this contention, and by an independent investigation we have discovered none.

The appellant in its brief argues at length, and cites numerous authorities to the effect, that a highway once established cannot be vacated except in the manner provided by statute. The vice in this argument, as applied to the present case, is that it assumes a fact which the undisputed evidence in the record negatives. This argument is based on the assumption that a highway had become fully established by prescriptive right, while the facts are that the prescriptive right was arrested before it matured.

The judgment is affirmed.

MOUNT, ELLIS, MORRIS, and FULLERTON, JJ., concur.