[No. 13125.   Department Two.   December 5, 1916.]

THE CITY OF OLYMPIA, *Plaintiff*, v. MILLARD LEMON *et al.*,
*Appellants*, M. E. REED *et al.*, *Interveners and
Respondents.*[1]

.TRIAL — FINDINGS OF FACT — NECESSITY — EQUITABLE ACTIONS.
Where, in eminent domain proceedings to acquire property for a
street, on objections to the assessment roll raising the issue that
the property already belonged to the city, it was stipulated that the
court should determine that question, the action became in effect an
equitable action to quiet title in the city; and therefore findings of
fact were not essential to sustain a judgment in favor of the city.

MUNICIPAL CORPORATIONS—STREETS — ESTABLISHMENT — PRESCRIP-
TION — ADVERSE USE — EXTENT — WIDTH OF STREETS. Where, for a
period of thirty-four years, there had been a well-defined road of
from eight to fourteen feet in width in a city, used by the public
"for miscellaneous purposes," the public is not limited to such width
as was actually used, but is entitled to such as is reasonably neces-
sary for the easement of travel; hence an adjoining owner who rec-
ognized the public right to the extent of dedicating a fifteen-foot
right of way, cannot thereby confine the public to that width, or
claim damages for the appropriation of a strip thirty feet in width,
where the same appears reasonably necessary, in view of the statute
making county roads from 60 to 30 feet in width, and in view of a
sixty-foot width for adjacent streets and the northern portion of the
street in question.

Appeal from a judgment of the superior court for Thurs-
ton county, Mitchell, J., entered June 22, 1914, upon findings
in favor of the interveners, dismissing proceedings to con-
demn property for street purposes, after a trial and hearing
on objections to the assessment roll.   Affirmed.

*Troy & Sturdevant*, for appellants.
*Frank C. Owings*, for respondents.

MAIN, J.—The purpose of this action, as originally insti-
tuted, was to condemn for street purposes two certain strips
of land, each thirty feet wide.   The city of Olympia, desiring

[1]Reported in 161 Pac. 363.

to extend Jefferson street south from Broadway to 18th street, a distance of two blocks, brought the action against the parties who claimed to own the strips of land mentioned. After the condemnation proceedings had been instituted, the Casco Company, a corporation which claimed title to the property by conveyance from the previous owners, consented to a decree of necessity, and agreed to submit the issue as to the value of the land taken, and the damages to the land not taken, to what is referred to as a board of appraisers. As a result of this agreement, the appraisers made an award in favor of the Casco Company in the sum of $900. Subsequently a judgment was entered for this amount. After the judgment was entered, an assessment roll was prepared, which assessed the amount of the condemnation judgment against the adjacent property. Certain persons whose property was covered by the assessment roll filed objections thereto, and asserted that the land described in the condemnation judgment as belonging to the Casco Company was not in fact the private property of that company, but was public property, owned by the city for street purposes. When this issue was presented, it was stipulated by the parties that the court in this action should determine the question raised by the objections to the assessment roll. This was done, with the result that a judgment was entered which dismissed the action and decreed that the title to the property sought to be condemned was vested in the city for street purposes. From this judgment the appeal is prosecuted.

The first claim of error is the refusal of the trial court to make and enter findings of fact and conclusions of law. The appellants contend that an action in condemnation is a law action, and therefore the failure to make findings and conclusions is fatal to the judgment. Whether a condemnation proceeding is legal or equitable in its nature need not here be determined. By the stipulation referred to, the parties agreed to submit to the court the question whether the city had acquired title by prescription to the property sought to

be condemned.  By the stipulation, the action, in effect, became one on the part of the city to quiet title to the two strips of land covered in the condemnation action as originally instituted.  If the action became one to quiet title, it will hardly be contended that it was not an equitable action.  The action, having become by virtue of the stipulation one in equity, no findings of fact or conclusions of law were necessary.

On the merits of the case, after an attentive consideration of the entire record, we are satisfied that the city, by prescription, has acquired title to the land in controversy for street purposes.  The evidence shows, without contradiction, that, for a period of at least thirty-four years prior to the institution of this action, there was a well-defined road of from eight to fourteen feet in width, either over the land involved, or over the fifteen feet immediately adjacent thereto.  This road was used generally by the public, and, as stated by one of the Casco Company's grantors, "for miscellaneous purposes."  The evidence clearly establishes an actual general public use, which was uninterrupted and continuous, under claim of right, for a greater number of years than was necessary to acquire title by prescription.  This right on the part of the public seems to have been recognized by the Casco Company's grantors, for while title remained in them, they filed a plat in which they dedicated a fifteen-foot strip for street purposes, adjacent to the thirty-foot strips here in controversy.  The question then arises as to the width of the strip of land acquired by user.  In other words, did the user give to the public the right to only that portion actually used in travel, or did it give the right to a sufficient width for street purposes.  In *Yakima County v. Conrad*, 26 Wash. 155, 66 Pac. 411, it was held that after the right to a highway has been acquired by usage, the public are not limited to such width as has actually been used, but have a right to a highway of such width as is reasonably necessary for the easement of travel.  It was there said:

"Under the general laws of this state, at the time the rights of the public became fixed in this road the maximum width of county roads was sixty feet, and the minimum width thirty feet. This is a circumstance that the court could take into consideration in fixing the width of the road. After the right to a highway has been acquired by usage, the public are not limited to such width as has actually been used. The right acquired by prescription and use carries with it such width as is reasonably necessary for the public easement of travel, and the width must be determined from a consideration of the facts and circumstances peculiar to the case. Whatever may be the width in any particular case, the easement, when acquired by user, cannot be limited to the actual beaten path. . . . It is generally a question of fact to be determined under the circumstances of each particular case, and the easement may be as broad as the public require for passing as well as traveling in one direction."

See, also, *Whitesides v. Green*, 13 Utah 341, 44 Pac. 1032, 57 Am. St. 740; Elliott, Roads & Streets (2d ed.), § 174, and cases cited.

In view of this rule, and taking into consideration the width of the northern portion of Jefferson street, as well as the width of the adjacent streets, we conclude that the thirty feet involved in this action was acquired by usage for the exigencies of public travel.

The judgment is affirmed.

MORRIS, C. J., PARKER, and HOLCOMB, JJ., concur.