[No. 14458.  Department One.  May 7, 1918.]

GODFRIED HAMP et al., Appellants, v. PEND OREILLE
COUNTY, Respondent.[1]

HIGHWAYS—ESTABLISHMENT—PRESCRIPTION—TRAILS. The adverse use of a trail by travelers on foot and horseback and by pack trains and "go-devils," consisting of two poles dragged by horses, for the transportation of goods, for over thirty years, constitutes the same a highway by prescription, although the same was not used by wheeled vehicles.

SAME—ESTABLISHMENT BY PRESCRIPTION—WIDTH. A highway by prescriptive use of a trail by travelers on foot and horseback is not limited to the actual path traveled, twenty-four inches or less, but may be fixed at twelve feet, where such width is reasonably necessary for the public easement, required for passing as well as traveling in one direction.

Appeal from a judgment of the superior court for Pend Oreille county, Jackson, J., entered April 8, 1916, upon findings in favor of the defendant, in an action to quiet title, tried to the court. Affirmed.

A. C. Shaw, for appellants.

Chas. H. Leavy, for respondent.

PARKER, J.—The plaintiffs, Hamp and wife, seek recovery of a strip of land running through their farm, and the quieting of their title thereto as against the claim of the defendant county that the strip is a public highway acquired by the continued adverse use thereof by the public for a period of more than ten years. Trial upon the merits in the superior court for Pend Oreille county resulted in findings and judgment denying to the plaintiffs the relief prayed for, and declaring that the public had acquired by prescription a highway along the strip in question to the extent of twelve feet in width, being six feet on each side of a described cen-

[1]Reported in 172 Pac. 869.

ter line following the center of the traveled portion of the highway. From this disposition of the cause, the plaintiffs have appealed to this court.

The way here in question is a trail rather than a road, in a popular sense; that is, it has been used by the public for travel by means other than that by wheeled vehicles. It was commenced to be used by white men about the year 1889, and has been continuously used by the public ever since. Prior to that time it was apparently used by the aborigines in their travels north and south over the rough and mountainous country in the extreme northeast corner of the state. From 1889 to 1914, it was the only practicable way of travel from the town of Metaline, in Pend Oreille county, north to and beyond the Canadian boundary, and acquired the name of "The Boundary Trail." During all of those years it was the constant way of much travel by people on foot and on horseback, and of the transportation of goods by means of pack horses and by crude conveyances called "go-devils," consisting of two poles attached one to each side of a horse with the ends dragging behind, somewhat like a sled, on which goods would be carried. The actual traveled trail consisted of little else than the part over which people and horses walked, and was some eighteen to twenty-four inches wide, the "go-devil" occupying a somewhat wider space. While the county never expended any money in the improvement of this trail, it was improved in some measure from time to time by those interested in its use, and in later years this improvement consisted in cutting out trees and brush to a width of some eight feet. This was done across appellant's land, not only with their consent, but with their assistance to some extent. The trail seems to have been used somewhat less since 1914 than prior thereto because of the construction of another

road, but it is still used, and necessarily so, by a number of settlers in the neighborhood in going to and from their homes. It is plain from the evidence that the use of the trail during all these years has been open and adverse to the rights of all owners of land across which it runs.

While this trail was not traveled over by wheeled vehicles, except possibly to a small extent in very recent years, it was, we think, nevertheless used as a highway because of its use for public travel in the way suited to the conditions then prevailing. Travel and transportation of goods by wheeled vehicles is not the only use to which a highway may be put. One walking or riding horseback, or transporting goods by pack horse, over a way which the public is constantly using is a use of such way as a highway, in a legal sense. 13 R. C. L. 17; 37 Cyc. 15; 1 Elliott, Roads and Streets (3d ed.), 4; 2 Words and Phrases 882. This being the law, it seems to follow, as a matter of course, that a highway of the nature here in question can be established by prescription as well as if it were used by wheeled vehicles. The contentions made in behalf of appellants that the use of this trail has not been such as to result in the public acquiring a highway along it by prescription, we think are untenable in the light of the evidence showing the facts as above summarized. *Seattle v. Smithers,* 37 Wash. 119, 79 Pac. 615.

It is further contended in appellants' behalf that the trial court erred in decreeing that the public had acquired a highway along this trail to the extent of twelve feet in width. The argument seems to be that the public's right in this regard is measured by the portion of the trail actually used for travel, that is, the actual track or path made by the walking of people and horses. It seems to us that this contention is answered by our decision in *Yakima County v. Conrad,*

26 Wash. 155, 66 Pac. 411, and by our later decision in *Olympia v. Lemon*, 93 Wash. 508, 161 Pac. 363. In the *Conrad* case, Judge White, speaking for the court, observed:

"After the right to a highway has been acquired by usage, the public are not limited to such width as has actually been used. The right acquired by prescription and use carries with it such width as is reasonably necessary for the public easement of travel, and the width must be determined from a consideration of the facts and circumstances peculiar to the case. Whatever may be the width in any particular case, the easement, when acquired by user, cannot be limited to the actual beaten path. *Whitesides v. Green*, 13 Utah 341 (44 Pac. 1032, 57 Am. St. Rep. 740); Elliott, Roads & Streets (2d ed), § 174, and cases cited. It is generally a question of fact to be determined under the circumstances of each particular case, and the easement may be as broad as the public require for passing as well as traveling in one direction. *Davis v. Clinton*, 58 Iowa 389 (10 N. W. 768)."

See, also, *Montgomery v. Somers*, 50 Ore. 259, 90 Pac. 674; *Marchand v. Town of Maple Grove*, 48 Minn. 271, 51 N. W. 606; *Arndt v. Thomas*, 93 Minn. 1, 100 N. W. 378, 106 Am. St. 418.

It seems quite clear to us that the use of this trail was such as to warrant the trial court in concluding that the public had acquired a highway right therein by prescription to the extent of at least twelve feet in width.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.