[No. 15428.    Department Two.    December 17, 1919.]

*In the Matter of the Extension of* WEST MARGINAL WAY, SEATTLE.

THE CITY OF SEATTLE, *Respondent,* v. ANNIE ABRAHAMSON, *Appellant.*[1]

HIGHWAYS (7)—ESTABLISHMENT—PRESCRIPTION — DEFECTIVE PROCEEDINGS. Title to a county road was acquired by prescription where the road was ordered and, without being purchased or condemned, was used by the public for thirty years.

SAME (6–8)—EXTENT OF HIGHWAY—WIDTH. Where, at the time a county road was ordered, the law required its width to be sixty feet, title acquired by prescriptive use extends to the full width and is not limited to the ten to fifteen feet actually used by the public.

SAME (3, 6–8). Where title to a sixty-foot county road, ordered but not condemned, was acquired by prescription, the use of a narrow roadway winding around stumps and buildings was not an abandonment of the unused portions; and upon condemnation to increase the width to one hundred feet, a property owner is entitled to compensation only for the additional forty feet, notwithstanding the winding way used touched points on the outer line of the additional strip.

TRIAL (24)—CUMULATIVE EVIDENCE. It is largely discretionary to exclude expert evidence on the ground of want of qualification as an expert, to be disturbed only upon abuse of the discretion.

APPEAL (457, 458)—REVIEW—HARMLESS ERROR. Error in excluding expert evidence is harmless where it would have been accumulative and there was abundant other evidence on the question.

EMINENT DOMAIN (127)—DAMAGES—EVIDENCE—ADMISSIBILITY. In condemnation proceedings in which the sole question is the value

[1]Reported in 186 Pac. 644.

of the property taken, evidence of damages through interference with the care of property while the road was being constructed is inadmissible when it does not appear that such interference would necessarily follow.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 11, 1919, upon the verdict of a jury awarding damages in condemnation proceedings. Affirmed.

*Roberts & Skeel* (*Lee Johnston* and *L. B. Schwellenbach*, of counsel), for appellant.

*Walter F. Meier, Geo. A. Meagher*, and *Alex J. Ashen*, for respondent.

MOUNT, J.—This proceeding was brought to condemn a widened right of way for a highway across the lands of appellant. The highway is known as West Marginal Way. This highway is one hundred feet wide and extends through about the center of appellant's property. Preliminary to the question of damages, the trial court, by consent of both parties, received evidence in order to determine the width of the strip of land to be paid for through the property of Mrs. Abrahamson. After hearing evidence upon this question, the trial court found as follows:

"That county road No. 51, as changed and as it is now used through the tracts of land lying south of Goodspeed's Addition, and especially through the tracts of land owned by Annie Abrahamson and by the estate of S. Louise Ackerson, is a county road by prescription and user, and that said county road is sixty feet (60') in width, following the present used portion of said county road as said used portion is indicated and located on petitioner's Exhibit 'B' filed in the above entitled cause; . . ."

After the court had thus determined that there was a county road sixty feet in width running through the property sought to be condemned, and that this

county road was within the limits of West Marginal Way, a jury was called to determine the question of damages to be awarded to Mrs. Abrahamson. After the evidence was heard upon that question, the jury found that the damage to the property of Mrs. Abrahamson was $7,271.50. The court entered a judgment upon this verdict in favor of Mrs. Abrahamson. She has appealed from that judgment.

A large number of errors are assigned in appellant's brief, but these errors are discussed under three headings, in substance, as follows:

First: Was there a public road extending through appellant's property, for the taking of which appellant was not entitled to compensation?

Second: If so, what was the width of that road?

Third: The exclusion of certain evidence offered by appellant.

Taking up these questions in order, the record shows without dispute that, in the year 1874, some fourteen freeholders within the county of King petitioned the county commissioners of that county to establish a county road from Alki Point to connect with a county road on the west side of the Duwamish river near the house of one Parmerlee. The county commissioners, upon a hearing of that petition, granted the same, and viewers were appointed to view and locate the road. The same was ordered surveyed. The road was thereupon viewed and surveyed through the property of appellant, and the surveyor's report was made to the county commissioners. Thereafter, on August 3, 1874, the county commissioners considered the reports of the surveyor and viewers. The reports were adopted and the road was ordered opened and declared to be a county road. Thereafter the road was used by the general public across appellant's land for a period of more than thirty years. The evidence shows that the

portion of the road actually used was from ten to twelve feet in width. This used road was a winding one, following through the property of appellant. There is nothing in the record to show that the county acquired, by condemnation or purchase, the right of way through appellant's property; but the record is clear that, after the road was declared to be a county road and was opened to public travel, it was traveled and used by the public generally, and that work was done upon the road at public expense. It is true that the used portion of the road was shifted upon several occasions and for various purposes. At one time during the life of Mr. Abrahamson, who was then the owner of the property in question, he petitioned the county commissioners for a change of a portion of the road through his property to the eastward of where it was then used. No action appears to have been taken by the county commissioners upon this petition for a change, but it is shown that the used portion of the road was changed and was thereafter used. We are satisfied from these facts that the roadway became a public one, and that, because of the use of the property by the public for the long period of time, and work done thereon at public expense, the right to the roadway was acquired by prescription. *Yakima County v. Conrad,* 26 Wash. 155, 66 Pac. 411; *Olympia v. Lemon,* 93 Wash. 508, 161 Pac. 363.

Appellant argues that, even though there was a roadway by prescription across the land of appellant, it was not within the one hundred feet which the city now seeks to take. It is true the engineer who made the drawing which is an exhibit in the case testified that he could not take the field notes of the original survey of the sixty-foot road and follow them upon the ground. His reason was that the witness trees and marks made by the surveyor upon the ground had

all been obliterated; but he testified that, by following
the field notes of the original survey, he could lay the
road upon the plat, and he testified therefrom that the
whole of the sixty-foot original roadway was within
the one hundred feet now sought by the city. It is
plain, therefore, that there was evidence upon which
the court could base a finding that the sixty-foot road-
way was within the one hundred feet which the city
was seeking. Appellant strenuously argues that the
width of the roadway which was used by the public
for more than thirty years was not to exceed ten or
twelve feet in width, and that this was the extent of
the width of the road to which the county or the city
was entitled by prescriptive right; and it is argued,
and many authorities are cited to the effect, that a
roadway by prescription is confined to the width of
the road as actually used, and does not extend to a
greater width beyond the width of the road actually
used; but in the case of *Olympia v. Lemon, supra,* in
considering this question and in referring to the case
of *Yakima County v. Conrad, supra,* we said, quoting
from the last-named case:

" 'After the right to a highway has been acquired
by usage, the public are not limited to such width as
has actually been used. The right acquired by pre-
scription and use carries with it such width as is rea-
sonably necessary for the public easement of travel,
and the width must be determined from a considera-
tion of the facts and circumstances peculiar to the
case.' "

In this case the county originally declared for a
county road which, under the statute, was required to
be sixty feet in width. The county actually laid out
and surveyed a road sixty feet in width. We think,
under the authorities cited, and the facts, which are
not disputed, that the county acquired by prescriptive

right the whole of the sixty-foot road, notwithstanding the fact that but a portion thereof was actually used. Furthermore, we are of the opinion that, when Mr. Abrahamson, who was then alive and was the owner of the property, petitioned the county for a change in the road, he recognized that the county was claiming the road as an actually dedicated road. Appellant relies upon the cases of *Megrath v. Nickerson,* 24 Wash. 235, 64 Pac. 163; and *In re Twenty-Second Avenue, Southwest,* 72 Wash. 99, 129 Pac. 884, to establish the rule that the county road herein sought to be maintained for sixty feet in width across appellant's property never in fact existed. It is true in those cases a portion of the same road outside of the property of appellant in this case was under consideration. In the *Megrath* case, the owners of the property through which the road ran never recognized the right of the county to open the road without taking and paying for their property. Gates were placed on the road, but this court held that the use by the county of the lands there in question was a permissive use, and that the county had no right to take the lands then sought to be taken without compensation and without condemnation. This court, in each of those cases, therefore held that there had been no lawful road across the premises then in dispute. But in this case it is shown that Mr. Abrahamson made no objection to the taking by the county or the public of the roadway across the premises now in question and their using the same for a public way. So that the distinction between this case and the cases relied upon is that, in this case, there was an actual user under claim of right and work done upon the road at county expense by the public; while in the cases referred to, there was no acquiescence by the landowners to the county's acquiring the right by prescription across their premises. We are satisfied,

therefore, that the county acquired a right by prescription across the premises in question to a roadway sixty feet in width.

Appellant argues that the lower court erred in finding that the county road, being a winding road, should be laid sixty feet in width within the proposed one-hundred-foot West Marginal Way, because the prescriptive way acquired by use is but a ten or fifteen foot winding way and at points touches the outer lines of the one-hundred-foot West Marginal Way; that the measurement should be from the center of the used way, so that a part of the sixty-foot strip would lie without the bounds of the one-hundred-foot Marginal Way and a part within. It seems plain that the winding road which was used by the public was used by reason of the original roadway which was established by the county commissioners sixty feet in width. The road which was actually used was from ten to fifteen feet in width. In using this road the use was intended to be of the county roadway. The fact that the used roadway wound around stumps or buildings was not an abandonment of the unused portion, but was a use of the whole roadway established by the county commissioners when it was declared a public way. This roadway was all within the boundaries of the one-hundred-foot right of way, and it seems to us plain that the sixty-foot roadway declared by the commissioners was the one intended to be used; and since that roadway was wholly within the one-hundred-foot right of way, the only part for which appellant was entitled to compensation was the extra forty feet of that road as widened.

A number of errors are alleged by appellant upon the admission of evidence. It is claimed by appellant that the court erred in refusing the evidence of an

expert witness who was called to testify upon the part of respondent in reference to the feasibility of a plan of removing certain buildings that were upon the one-hundred-foot strip to another part of appellant's property. The trial court was of the opinion that this witness was not qualified as an expert upon that question and he was not permitted to testify. In the case of *Kranzusch v. Trustee Co.*, 93 Wash. 629, 161 Pac. 492, we said:

"The qualification of a witness to testify as an expert on a subject requiring peculiar or special knowledge is largely a matter of discretion with the trial court, and its ruling thereon will not be reversed unless there has been a manifest abuse of that discretion."

. We are satisfied there was no abuse of that discretion in this case. At most, the testimony which this witness was supposed to give was cumulative. There was abundant other evidence upon this question. We think that, even if it was error to exclude the testimony of this witness, the error was harmless.

Appellant also complains that she was not permitted to prove that the use of the property would be interfered with during the time of construction of the road and she would be damaged on that account. We think there was no error in this. The sole question for the jury was the value of the forty feet of property taken and the damage to that which was not taken. We think it does not necessarily follow in this case that the construction of the widened road through the premises would necessarily interfere with the business to which the other might be put by appellant.

A number of other errors are assigned upon the admission of evidence, but we are satisfied these are not important and that there was no reversible error therein. In our opinion, appellant had a fair trial.

The judgment is therefore affirmed.

HOLCOMB, C. J., BRIDGES, TOLMAN, and FULLERTON, JJ., concur.