[No. 31536. Department One. May 17, 1951.]

CLEVELAND WHEELER, *Appellant*, v. HARVEY L. RENDSLAND et al., *Respondents*.[1]

*Glenn E. Correa*, for appellant.

*Frank M. Egan*, for respondents.

[1] Reported in 231 P. (2d) 322.

SCHWELLENBACH, C. J.—This is an appeal from a judgment dismissing an action for damages for placing a barrier across an alleged county road.

The Tahuya River flows in a southwesterly direction across the lands of appellant and respondents in Mason county. A public highway known as Northshore road runs in a northeasterly and southwesterly direction. In 1928 ten freeholders in the vicinity, including respondents' predecessor in interest, signed a petition to establish a county road along the river and signed waivers for damages. October 15, 1928, the county commissioners, after a hearing called for that purpose, adopted an order of establishment of Tahuya Valley road, No. 234A. It was to commence at the south end of the Tahuya bridge and run in a southeasterly direction 3,500 feet, and was to be forty feet wide. Thereafter, that fall, the county did some work on the west end of the road. Four or five men and a couple of trucks hauled some gravel. A wooden culvert was put in and some blasting was done on the ditches. This was for a distance of approximately 900 feet. No work was ever attempted on the rest of the road. No more work was done on this part, although one witness testified that he graded it two or three times with a county grader between 1929 and 1933. No fill was ever made and there is no evidence that the portion worked on was ever completed.

There was some evidence of sporadic use of this portion by owners of land farther up the proposed road and also by some fishermen and hunters. But the road never was used generally by the public. The county engineer, although he sketched this road on the county map, doubted if the road were in general use. George Lundy, who owned property there from 1916 to 1930, testified:

"Q. What was the condition of the road from the Northshore road to the gate? A. There wasn't any road, never was and never has been, and there is none there yet, not a road that you can drive, only once in a while you can get through there possibly."

Several pictures were admitted showing water knee deep over the road in question, due to high tide. Whenever the

tide reached twelve feet the road became impassable. There were 101 tides twelve feet or over in 1949.

Rendsland, through inheritance, owns the property east from the Northshore road, where the road in question is located. Wheeler has owned the property immediately east of respondents' land since 1935, although he leased it prior to that time. The work on the road was done on Rendsland's property and up to approximately 150 feet from Wheeler's gate.

Part of Wheeler's property is cleared and has been used as pasture for his cows. For several years he has traveled back and forth over the road in question in order to milk and care for his cattle. He testified that he traveled the road twice a day from 1935 to 1948; that he could drive his car over it at thirty miles an hour with ease. No objection to this use was raised by Rendsland until January, 1948, when he placed the barrier which caused the trouble. About that time there were negotiations among all the landowners in the vicinity to acquire a right of way and build a road which would be high enough to travel over during the high tides. These negotiations fell through, however, because Wheeler did not agree to donate land over his property.

The trial court found:

"II. . . . that on October 15, 1928, the Board of County Commissioners of Mason County entered an order establishing a road called Tahuya Valley Road No. 2387 which was to connect with said Northshore road at a point near and south of the Tahuya River, running thence in a northeasterly direction for a distance of about two and one-half miles across the lands of defendant and plaintiff and other lands lying to the North and East of their said properties; that thereafter and in the year 1928, Mason County did some grading and placed some gravel upon that portion of said proposed road which crossed defendant's lands, built a culvert and did some work towards the construction of a ditch upon that portion of said proposed roadway which crosses the lands of plaintiff; that the proposed roadway extended about 1000 feet in length across defendant's land, the greater portion of which distance is low and swampy land, over which the tide ebbs and flows; that other than the small amount of work done on said proposed road in

1928, no work of any kind, other than the running of a grader over a portion thereof on one or two occasions, has been done on said road by Mason County; that at no time was said road crossing defendant's lands or over any other portion thereof completed or opened to traffic by said County; that the portion of said road crossing defendant's property when there is a twelve foot tide in Tahuya Bay and River is covered by from one to four feet of water and there are about one hundred days each year when the tide reaches that height. . . .

"V. That since 1928 the only use of said road across the land of defendant was infrequent and sporadic travel thereover by former owners of land over which said road was projected but never constructed, and the use made occasionally by hunters and fishermen who drove their cars into and parked the same upon the lands of defendant, and the use made by plaintiff in driving his cows across the lands of defendant to pasture them on his lands; that all of the former occupants of the lands lying along the route of the proposed highway have removed therefrom and all property across which the proposed road was projected, including the lands of the parties in this action, is vacant and unoccupied; that the slight use to which that portion of such proposed road which runs across defendant's lands has been put has not been sufficient to constitute or establish the same either as a public or private road."

Appellant assigns as error: (1) The finding that the portion of the road established and constructed is not a public road; (2) the finding that the use of the portion of the road was not acquired by prescription; (3) the failure of the court to rule that the road had not been dedicated either expressly or impliedly by respondents or their predecessor in interest; (4) the failure of the court to rule that the respondents were estopped to deny that the road in dispute was a public road.

The order of establishment was made under authority of Laws of 1925, Ex. Ses., chapter 173, § 4, p. 481, Rem. Rev. Stat., § 6447-4, which was in effect when the order was made. At that time, and for five years thereafter, Rem. Rev. Stat., § 6510, was in effect. It provided:

"Any county road, or part thereof, which has heretofore been, or may hereafter be authorized, which remains un-

open for public use for a space of five years after the order is made or authority granted for opening the same, shall be, and the same is hereby vacated, and the authority for building the same barred by lapse of time:   .   .   ."

There is no question but that the establishment of the Tahuya Valley road, for a distance of 3,500 feet, was authorized by the order of October 15, 1928. Our first problem is to determine whether or not the 900 foot portion, which was worked that fall, was opened to the public. We have examined all of the cases which have considered Rem. Rev. Stat., § 6510, since its enactment in 1890, and find them to be of little benefit to us in deciding our present problem. Some cases hold, on certain facts, that the roads were opened to the public, while other cases hold, on certain facts, that the roads were not opened. Each case was decided on its own peculiar facts. We have been unable to find any case where our precise problem was presented. The cases do hold that no expenditure of public funds is necessary if, in fact, the road, after having been authorized, was actually used by the public.

■   Turning now to the problem confronting us, we do not wish to unduly lengthen this opinion by repeating the facts which have already been recounted. The trial court was of the opinion that there was no showing which would warrant a finding that the road, or any portion of it, has been completed as a public road, or opened to the public. We are frank to state that had the court found that the road had been opened for public use, we would not, from the record, have disagreed with such finding. But we cannot say that the findings of the trial court are clearly not supported by the weight of the evidence. See *Wade v. Bartek*, 30 Wn. (2d) 483, 191 P. (2d) 701. In *Mohr v. Pierce County*, 65 Wash. 370, 118 Pac. 321, 119 Pac. 747, in a per curiam opinion involving a similar situation, we said: "The evidence in this case is conflicting." We then discussed the findings and added:

"There is evidence to sustain these findings. The court below believed the witnesses of the respondents and re-

jected the testimony offered by the appellants. The evidence does not so preponderate one way or the other as to warrant our interference. In such cases, it has been the uniform practice of this court to follow the judgment of the trial court."

■ In the present case we accept the findings of the trial court and hold that the portion of the road in question was never opened to traffic by the county, or utilized by the public for public use. Therefore the authority for building the same lapsed by virtue of Rem. Rev. Stat., § 6510.

■ That conclusion disposes of appellant's second contention. In order to establish a highway by prescription, it is necessary that the public use must be general, uninterrupted and continuous for a period of ten years, under a claim of right. *In re Twenty-second Avenue Southwest*, 72 Wash. 99, 129 Pac. 884. No such showing was made in this case.

We find no merit in appellant's last two assignments of error.

The judgment is affirmed.

BEALS, HILL, DONWORTH, and FINLEY, JJ., concur.