[No. 33182. Department Two. August 18, 1955.]

FLOYD VAN SANT, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1] Reported in 287 P. (2d) 130.

*A. C. Van Soelen, G. Grant Wilcox,* and *Charles V. Hoard,* for appellant.

*Theodore P. Cummings,* for respondent.

ROSELLINI, J.—Respondent owns lots 1 and 2, block 16, State Park Addition to the city of Seattle, a corner plot on which his house stands. His property is bounded on the north by east 80th street and on the west by 31st avenue N. E.

State Park Addition was dedicated in 1890. During the five years following the filing of the plat, the platted streets abutting the property now owned by the respondent were not improved in any way nor made available to the public for travel, nor was any public use made of them during the five years following the effective date of chapter 19, Laws of 1889-90, p. 593. During this period of nonuser, the area was wholly outside the limits of any incorporated city, town, or village.

The house now owned by respondent was built prior to 1907. The house and yard extend twenty-two feet into the

area platted for 31st avenue N. E. and five feet into the area platted for east 80th street. In the years 1946 and 1947, and for some time prior thereto, the area occupied by respondent and his predecessors was enclosed by a fence.

For a period beginning prior to 1936 and extending to the present, a portion of 31st avenue N. E., abutting respondent's property, not exceeding thirty-eight feet in width, was used by the public for the purposes of public travel. A portion of east 80th street abutting his property on the north was similarly used. The portion of east 80th street so used included the area originally platted as east 80th street, except for a strip five feet wide paralleling and immediately adjacent to the northern line of lot 1 as platted.

In the summer of 1950, appellant installed certain utilities in the area of 31st avenue N. E. and east 80th street as originally platted. These installations were made within the area occupied by respondent, and some of his shrubs and a portion of his lawn were destroyed.

The streets in question were paved by appellant in 1953. Concrete sidewalks were laid along east 80th and 31st avenue N. E., but it was impossible to complete them to the intersection because respondent's house obstructed the pathway. Respondent had been given notice to move his house so that the improvements might be completed. He brought this action to quiet title to the land which he and his predecessors had occupied, and to recover damages for the destruction of his lawn and shrubbery. Appellant cross-complained, asking that title to the streets as originally platted be quieted in the city of Seattle and that respondent be required to remove his house from the street area.

The trial court held that, by operation of law, respondent had acquired title to the abutting property platted for streets, that the public had acquired an easement by prescription over certain portions of the street areas but that such easement did not extend onto the land actually occupied and used by the respondent and his predecessors, and further that respondent was entitled to recover for the damage done to his lawn and shrubbery. Appellant's cross-

complaint was dismissed. Title to the abutting portions of the streets was quieted in respondent, subject to an easement in favor of the city of Seattle.

The city has appealed, maintaining that respondent never acquired title to any of the land originally platted as streets and that his action to have his title adjudicated is barred by the statute of limitations or by laches, or, in the event that title did become vested in respondent by operation of law, that appellant has acquired an easement to the full width which it claims to be reasonably necessary for public travel.

Respondent correctly contends that in 1895, the portions of east 80th street and 31st avenue N. E. abutting the property which he now owns became vacated by operation of law. Laws of 1889-90, chapter 19, § 32, p. 603, reads:

"Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time."

We have repeatedly held that this law is self-executing. *Lewis v. Seattle*, 174 Wash. 219, 24 P. (2d) 427, 27 P. (2d) 1119 (1933); *Murphy v. King County*, 45 Wash. 587, 88 Pac. 1115 (1907); *Mohr v. Pierce County*, 65 Wash. 370, 118 Pac. 321, 119 Pac. 747 (1911); *Cheney v. King County*, 72 Wash. 490, 130 Pac. 893 (1913); and *Smith v. King County*, 80 Wash. 273, 141 Pac. 695 (1914).

While, as we said in *Lewis v. Seattle, supra,* a judicial determination is necessary to establish the vacation of record and free the land involved from the apparent record easement, this fact has significance only to those who purchase in reliance on the plat. The owner's failure to obtain such an adjudication does not restore to the public any interest which it has lost through nonuser.

The trial court properly determined that the fee-simple title to those portions of the streets which abutted respondent's property had become vested in the owner or owners of these lots. This being the case, it is unnecessary to consider whether, as appellant contends, the court committed

error in making a finding that respondent had at all times intended to claim the portions of the streets which he occupied, and that he and his predecessors had occupied the same "continuously, openly, adversely, and notoriously since on or before 1907."

Respondent's action was brought to remove a cloud on his title, and such actions are not subject to the statute of limitations. *Inland Empire Land Co. v. Grant County*, 138 Wash. 439, 245 Pac. 14 (1926). Nor do we see how the doctrine of laches can operate to prevent the respondent from asserting his title to the property which he and his predecessors have occupied for approximately fifty years without interruption.

The superior court further held that the public had reestablished its easement in certain portions of the streets through prescriptive use. The easements so established included all of the area of the streets as originally platted except those portions actually occupied by respondent. Relying upon the rule that a prescriptive easement for public travel is not confined to the width actually traveled but includes the width reasonably necessary for public use, appellant argues that the public was entitled to an easement twelve feet wide across the property actually used by respondent and his predecessors and on which his house stands, this easement being necessary for the completion of the sidewalk along 31st avenue N. E.

In support of its contention, appellant cites the cases of *In re West Marginal Way, Seattle*, 109 Wash. 116, 186 Pac. 644 (1919); *Yakima County v. Conrad*, 26 Wash. 155, 66 Pac. 411 (1901); *Olympia v. Lemon*, 93 Wash. 508, 161 Pac. 363 (1916); and *Hamp v. Pend Oreille County*, 102 Wash. 184, 172 Pac. 869 (1918). In each of these cases, we upheld the trial court's findings as to the width reasonably necessary for public travel. In *Yakima County v. Conrad, supra*, the owner of the land across which the easement was claimed had built a fence along the road after the expiration of the prescriptive period. We held that the building of the fence was immaterial. Impliedly, we recognized that, had the

fence been constructed before the rights of the public had been established, the result of the case might have been different.

■ Public easements by prescription are generally based upon an implied dedication by the owner of the land. *Kruger v. LeBlanc,* 70 Mich. 76, 37 N. W. 880 (1888); 4 Tiffany, Real Property (3d ed.) 598, § 1211. While this theory has not been expressed in our cases, it is implicit in our application of the rule which grew out of it. In each of the cases cited by appellant, we have, in effect, presumed that the roads were dedicated to the full width reasonably necessary for public travel, but have recognized in each case that what is reasonable depends upon the facts and circumstances of the case.

■ Where the owner has placed fences or other obstructions upon his property during the time the statute is running, there is indicated an intention not to dedicate those portions of his property to the public use. *Kruger v. LeBlanc, supra,* 4 Tiffany Real Property (3d ed.) 610, § 1218.

■ Respondent's house stood upon the disputed land and his yard was planted with grass, shrubs, and trees throughout the period the public was acquiring its easement over the platted streets. As to the land so occupied and used by respondent, no presumption of a dedication can arise, and the trial court properly held that no easement had been created over the property from which the public had been excluded by such use.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and FINLEY, JJ., concur.