Argued July 10, affirmed October 4, 1973

FATE, *Appellant, v.* OWENS ET UX, *Respondents.*

514 P2d 543

*Gerald R. Pullen,* Portland, argued the cause for appellant. With him on the brief was Vernon L. Richards, Sandy.

*James C. Tait,* Oregon City, argued the cause for respondents. With him on the brief were Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

O'CONNELL, C. J.

This is a declaratory judgment proceeding in which plaintiff seeks to have a roadway declared to be a public roadway as a result of an alleged dedication. The trial court found no evidence of a dedication and held for defendants. Plaintiff appeals.

On May 9, 1967 Paul and Margaret Venable sold, by land sale contract, a parcel of land consisting of a quarter section, to Roy Chambers. In April, 1968 the Venables executed a deed which designated "The Public" as grantee and which apparently was intended to describe a strip of land running north and south through the center of the southern half of the parcel sold to Chambers.[1] In March, 1968 Chambers sold to plaintiff, by land sale contract, the north half of the parcel purchased from the Venables. There was evi-

[1] The description was inadequate because it failed to designate the Township and Range. An amendatory deed was recorded in 1970.

dence that as a part of this transaction, Chambers agreed with plaintiff to construct a roadway across the south half of the parcel which Chambers retained. In July, 1969 Chambers conveyed to defendants a parcel of land which bounded the southern line of the parcel sold to plaintiff. In this deed no mention is made of an easement across the parcel purchased by defendants. In 1972 the Venables and Chambers executed and recorded a deed designating "The Public" as grantee and describing the same strip purported to have been conveyed by the Venables.

When defendants made their purchase in 1969 there was a roughly outlined roadway across their property which defendants described as a "cat track" or "cat path" with exposed roots and having the appearance of either a temporary or undeveloped way. Mrs. Owens testified that Chambers informed her that the roadway was to serve plaintiff until he could construct another means of access to his property. There was conflicting evidence with respect to the appearance of the way and plaintiff's use of it, bearing upon the question of whether these facts would put a reasonable person on notice of the existence of an easement.

■ The trial court refused to consider the evidence adduced by plaintiff to show that he had acquired a private easement by implied grant (as distinguished from the evidence purporting to show the creation of a public easement by way of dedication). The trial court was justified in so limiting plaintiff's case.

Plaintiff's complaint is based solely upon the existence of a public easement created by dedication. In his opening statement, plaintiff states this to be the theory of his case. Moreover, the case was tried upon the theory set forth in the complaint and the trial court made it abundantly clear by its rulings that

the case was being so tried.[2] Plaintiff made no attempt to amend his complaint to embrace the theory that a private easement was created.[3]

The case must turn, then, on the question of whether an easement was created by dedication. The trial court correctly held that there was no evidence to support this theory. The execution of the deed by the Venables in 1968 purporting to convey the strip to "The Public" had no legal effect because it came after the Venables had parted with the beneficial interest in the property by the sale of the parcel to Chambers in 1967. The correction deed executed in 1970 could not operate to breathe life into an inoperative deed. The deed executed by the Venables and Chambers in 1972 could not, of course, have any effect upon defendants' interests which vested in them in 1969. There was no other evidence to support plaintiff's contention that an easement was created by dedication.

Decree affirmed.

---

[2] For example, during cross-examination of plaintiff, defendant attempted to elicit testimony concerning other means of access to plaintiff's property. Plaintiff objected, prompting the court to rule as follows:

"I will sustain the objection. This is not a suit to establish a way of necessity. Doesn't make any difference if he's got five ways into that property. If this is a legal roadway, it's a legal public roadway. If it is not, it isn't."

[3] Cheney v. Mueller, 259 Or 108, 485 P2d 1218 (1971), is distinguishable. There we held that where there was a prayer for general relief, a court of equity could find the creation of an easement by implication even though the specific prayer for relief was for reformation of the deed to include such an easement. The court pointed out that plaintiffs' complaint pleaded all of the facts necessary for relief on the alternative ground. Moreover, prior to resting their opening case, plaintiffs' counsel stated the contention that they were entitled to relief on the alternative theory. The defendants made no claim of surprise and proceeded with the trial without objection. As we have pointed out, none of these conditions obtained in the present case.