**Wallace CREARY and Anna Creary, Appellants,**

v.

**KENAI PENINSULA BOROUGH, Alfred S. Derkovorkian, Agnes S. Derkovorkian, M.J. Harris, Betty J. Harris, and C.L. Parker, Appellees.**

No. 7272.

Supreme Court of Alaska.

Nov. 10, 1983.

---

Carl A. Larson, Kenai, for appellants.

Thomas R. Boedeker, Anchorage, for appellees.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

This case began as an action against the Kenai Peninsula Borough and others for damages resulting from inverse condemnation or, in the alternative, to quiet title to the property at issue in the plaintiffs' names. The superior court granted summary judgment to the defendant Borough, and the plaintiffs appeal. We reverse.

Wallace and Anna Creary [Crearys] purchased land from Alfred S. Derkovorkian, *et al.*, by a warranty deed executed on April 21, 1970, and recorded on October 20, 1971. The deed described the land sold by aliquot parts; the parcel sold was not subdivided.

Subsequently, in 1973, the vendors obtained the Kenai Peninsula Borough's approval of a subdivision plat including the parcel, identifying it as Tracts 5 and 6 of the subdivision. The Crearys, legal owners of the land identified as Tracts 5 and 6 by virtue of the prior sale, did not sign the plat. A portion of their land was shown as dedicated to public use as a road right of way on the plat.

In 1977, the Crearys sold a portion of their property to a third party, identifying the land sold by reference to the recorded plat; the portion of their property bordering the right of way shown on the plat was not included in this transaction.

The Crearys were allegedly unaware of the apparent dedication until October, 1979, when they were negotiating a lease of the underlying property. Thereafter they brought suit against the vendors and the Kenai Peninsula Borough. Their second amended complaint asserts that they are entitled to $14,620 as damages for inverse condemnation from the Borough or, alternatively, for removal of the cloud on their title caused by the Borough's approval of the plat. The vendors signed confessions of

judgment in the amount of $100 each and the case proceeded.

The Borough moved for summary judgment. The court found that the Borough had relied on the vendors' sworn statements of ownership, that a right of way was dedicated on the plat and that "the Defendant Borough had authority to require the 50 foot right of way as a condition for granting approval of the plat and that Plaintiffs have adopted the legal description contained in the plat by their [1977 sale]." The court entered summary judgment for the Borough.

■ The first issue in this case is whether or not there has been a valid dedication of the strip of land in question. As to that issue, it is clear, and the Borough concedes, that no valid dedication was effected by the filing, approval, and recording of the plat map in 1973, because the owners of the fee interest in the land at issue did not join in the plat.[1] Secondly, in order to establish a subsequent intentional dedication by the true owners, the Borough needed to present "clear and unequivocal" evidence that the Crearys intended to make a dedication. *See Hamerly v. Denton,* 359 P.2d 121, 125 (Alaska 1961). The only evidence that the Crearys had such an intent to dedicate the strip of land at issue is the fact that they referred to the recorded plat in their 1977 conveyance. Reference to a recorded plat may be for the purpose of description only, in which case there is no intent to dedicate. *See* 26 C.J.S. Dedication § 23. On the current state of the evidence, and given the

fact that intent is involved, neither side was entitled to summary judgment on the question of an intentional dedication.

■ The only other means suggested by the parties by which a dedication may have occurred is by estoppel.[2] The law is clear that an owner who conveys land by reference to a plat, whether or not the plat was filed by himself, is generally estopped to deny the validity of a dedication shown on the plat, as against his grantee whose land is affected by the dedication or against the public when it relies on the plat or otherwise asserts an interest in the purported dedications.[3] In the case at bar, however, the dispute concerns land which the true owner has not conveyed; and the land which the true owner did convey with reference to the plat was in no fashion affected by the dedication. In addition, there has been no showing that the Borough or the public in general has relied upon the purported dedication. For these reasons, we see no basis for finding that a dedication by estoppel exists.

The judgment of the superior court is reversed. The case is remanded for entry of partial summary judgment in the Crearys' favor on the issues of dedication by estoppel and statutory dedication, and for further proceedings on the question whether the Crearys' intended to dedicate the parcel of land at issue.[4]

REVERSED and REMANDED.

MOORE, J., not participating.

---

1. *See, e.g., O'Rorke v. City of Homewood,* 286 Ala. 99, 237 So.2d 487 (1970); *City of Albuquerque v. Chapman,* 77 N.M. 86, 419 P.2d 460 (1966); *Fate v. Owens,* 267 Or. 42, 514 P.2d 543 (1973); *Comber v. Inhabitants of Plantation of Dennistown,* 398 A.2d 376 (Me.1979); *Department of Transportation v. Thomas,* 59 Ill.App. 684, 16 Ill.Dec. 727, 375 N.E.2d 834 (1978).

2. The failure of the owner to join in the dedication negates the purported statutory dedication, or dedication by plat. An intentional dedication has not been established or disproved for purposes of summary judgment. A common law implied dedication could occur by public use, but there is no claim of such use. Dedication by estoppel is the only other means by which a dedication can occur. *See generally* 11 McQuillen, Municipal Corporations, §§ 33.01 *et seq.,* particularly, §§ 33.29 –.30; 6A Powell on Real Property, ¶ 926.

3. *See* 23 Am Jur.2d *Dedication* §§ 25, 43–44; 11 McQuillen, Municipal Corporations, § 33.24 at 862–4; III American Law of Property, § 12.133.

4. It appears from the record that neither the state nor the Borough claims an interest in the strip of land at issue and that the Borough's easement requirements were entirely satisfied by virtue of conveyances to the north of the strip in 1964 and 1970. These questions, and their relevance in the context of the Crearys' alternative request that title be quieted in their names, should also be addressed on remand.