[No. 5567-1-III.   Division Three.   July 19, 1984.]

DONALD W. SWEETEN, ET AL, *Appellants,* v. PAUL KAUZLARICH, ET AL, *Respondents.*

*F. Joe Falk, Jr.,* and *Walters, Whitaker, Finney & Falk,* for appellants.

*James P. Hutton* and *Velikanje, Moore & Shore, Inc.,* for respondents.

THOMPSON, J.—This case involves the determination of the width of a road dedicated in an unrecorded and unsigned plat.

In June 1974, Donald W. Sweeten was driven down

Kauzlarich Lane to view lots then owned by William Kauzlarich. At that time, as now, the road was a narrow lane running between fruit orchards owned by Paul Kauzlarich and Elmer and Fay McKean. Following a view of the premises, Donald Sweeten purchased the lots at the end of the lane.

Sometime thereafter, William Kauzlarich showed Donald Sweeten an unrecorded and unsigned plat of the area which had been prepared in 1919 for developers Tennant & Miles, Inc. Although Kauzlarich Lane was a narrow wagon track in 1919, the plat showed the lane to be a 20–foot–wide strip. However, the plat had never been recorded or filed. Moreover, the abutting landowners, including Donald Sweeten's predecessor in interest, had maintained the lane in its virtually unchanged state since 1920.

Donald Sweeten began to object to overhanging tree branches, the narrowness of the lane, the use of portions of the offered but unused strip for storage of props for tree branches, and a weir box used by the McKeans for irrigation. In 1977, Donald Sweeten had the land surveyed to establish the location of the lane as shown on the plat. Thereafter, a suit was commenced by Donald Sweeten against Paul Kauzlarich and the McKeans to legally establish the lane in conformity with the survey and the plat.

The trial court concluded that the dedication of the road to the public by Tennant & Miles, Inc., constituted a valid common law dedication, but that its acceptance by the public was limited to the area actually improved and used for roadway purposes. The Sweetens have appealed. We affirm.

Dedications are classified as either statutory or common law. 26 C.J.S. *Dedication* § 1, at 399 (1956). To find a dedication, two elements must be present: "(1) An intention on the part of the owner to devote his land, or an easement in it, to a public use, followed by some act or acts clearly and unmistakably evidencing such intention; and (2) an acceptance of the offer by the public." *Seattle v. Hill,* 23 Wash. 92, 97, 62 P. 446 (1900); *see also Roundtree v. Hutchinson,*

57 Wash. 414, 417, 107 P. 345 (1910); *Spokane v. Catholic Bishop,* 33 Wn.2d 496, 503, 206 P.2d 277 (1949). Additionally, one asserting that the public has acquired a right to use an area as a public street has the burden of establishing these essential elements. *Karb v. Bellingham,* 61 Wn.2d 214, 219, 377 P.2d 984 (1963).

Although the issue of an owner's intent to dedicate is a question of fact, *Spokane v. Catholic Bishop, supra* at 503, whether a common law dedication has occurred is a legal issue. *Knudsen v. Patton,* 26 Wn. App. 134, 611 P.2d 1354, *review denied,* 94 Wn.2d 1008 (1980). Thus, dedication is a mixed question of law and fact. *Accord, Chaplin v. Sanders,* 100 Wn.2d 853, 676 P.2d 431 (1984); *Peeples v. Port of Bellingham,* 93 Wn.2d 766, 613 P.2d 1128 (1980), *overruled on other grounds in Chaplin v. Sanders, supra* at 861 n.2. Where, as here, a mixed question of law and fact exists, it is "within the province of the trier of fact to determine from conflicting evidence the existence of facts necessary to constitute" dedication, "and such factual findings will not be disturbed on appeal when they are amply sustained by the record." *Peeples v. Port of Bellingham, supra* at 771.

Although the trier of fact found express intent on the part of the owner, Tennant & Miles, Inc., to offer a dedication, it also found only a limited public acceptance of that offer. Donald Sweeten assigns error to this finding, contending the Tennant & Miles, Inc., dedication operated as an express dedication rather than an implied or common law dedication because it was included within a plat. However, Donald Sweeten does not dispute the trial court's findings that the plat was not signed or recorded by Tennant & Miles, Inc., and was not accepted by any county or municipal authority or agency. Moreover, the facts are uncontroverted that public use of the lane has never extended beyond that portion presently available for public use. Where a finding is supported by substantial evidence and error is not assigned to the remaining findings, the findings establish the facts for purposes of the appeal.

*Evergreen State Amusement Co. v. S.F. Burns & Co.,* 2 Wn. App. 416, 418, 468 P.2d 460, *review denied,* 78 Wn.2d 993 (1970).

■ Generally, certain formalities of execution and recording are required to find an express dedication, and when an express or statutory dedication fails to meet these formalities, it is treated as a common law dedication. *Seattle v. Hill, supra* at 96–97; *Spokane v. Catholic Bishop, supra* at 500; *see also Tucker v. Bunger,* 108 Ill. App. 3d 227, 439 N.E.2d 488 (1982); *R.G. Foster & Co. v. Fountain,* 216 Ga. 113, 114 S.E.2d 863 (1960). Where, as here, an offer of dedication is made in a plat and that plat is not recorded in the proper office, it does not "operate as an effectual dedication to the public of the land delineated thereon as a street." *Seattle v. Hill, supra* at 96. Here, substantial evidence supported the trial court's decision that the Tennant & Miles, Inc., plat failed as an express dedication and, thus, is subject to the strictures of a common law dedication.

Donald Sweeten next contends the prevailing rule is that acceptance of a part of a platted street amounts to an acceptance of the street in its entirety. Paul Kauzlarich and the McKeans, however, argue that part acceptance of a common law offer of dedication is acceptance only of that part.

■ Donald Sweeten's argument and supporting authorities are more appropriate to rules involving statutory dedications rather than common law dedications. Ordinarily,

[i]n the absence of proof to the contrary it will be presumed, in the case of roads, that a strip of land dedicated for such purpose is of the width prescribed by statute. Where dedication of a public highway is presumed from user, however, it has been held that the presumptive grant cannot be broader than the user, and is confined to the tract actually used.

(Footnotes omitted.) 26 C.J.S. *Dedication* § 44, at 494. Washington courts have also recognized that the width of a dedicated road, although presumed to be dedicated to the full width reasonably necessary for public travel, depends

upon the facts and circumstances of the case. *Van Sant v. Seattle,* 47 Wn.2d 196, 201, 287 P.2d 130 (1955); *see also Johnson v. Watertown,* 131 Conn. 84, 38 A.2d 1 (1944), where the Connecticut Supreme Court held there is no inflexible rule in determining the width of an accepted road.

In Washington, acceptance of a common law dedication may arise "(1) by express act; (2) by implication from the acts of municipal officers; and (3) by implication from user by the public for the purposes for which the property was dedicated." *Spokane v. Catholic Bishop, supra* at 503. The undisputed facts of this case disclose that the width of the lane has remained substantially the same since 1919. Although the facts indicate the lane has been used by a variety of people, primarily family, friends and business invitees of the lot owners, public use has never extended to the full width of the dedication. The court was correct in limiting acceptance to that part actually accepted through public use.

Donald Sweeten, who did not himself rely on the dedication in purchasing his property, contends Paul Kauzlarich and the McKeans are estopped to deny the full width of the dedication even though the Tennant & Miles, Inc., plat was neither recorded, nor shown to subsequent lot purchasers.

> The distinction between a statutory dedication and a common law dedication is that the former proceeds from a grant, whilst the latter operates by way of an estoppel *in pais.*

*Roundtree v. Hutchinson, supra* at 415. The same general principle of equity that raises the estoppel against the dedicator to prohibit him from denying the dedication will protect Paul Kauzlarich from its operation if he is an innocent purchaser. *Spokane v. Catholic Bishop, supra* at 505. The rule in Washington is that a bona fide purchaser for value of real property may rely upon the record chain of

title as shown in the office of the county auditor. *Parker v. Speedy Re–Finance, Ltd.,* 23 Wn. App. 64, 74, 596 P.2d 1061 (1979) (citing *Beckman v. Ward,* 174 Wash. 326, 24 P.2d 1091 (1933), and cases cited). Both Paul Kauzlarich and Elmer McKean testified they had never seen the plat until the dispute with Donald Sweeten; their testimony remains uncontroverted. Moreover, there was testimony elicited at trial that Paul Kauzlarich and his father relied on the traveled lane in establishing the boundaries of their property. This case, therefore, comes within the rule enunciated in *Spokane v. Catholic Bishop, supra,* that an unrecorded dedication is unenforceable against a bona fide purchaser. This result has also been reached in other jurisdictions. *See Creary v. Kenai Peninsula Borough,* 671 P.2d 1286 (Alaska 1983); *Carr v. Hopkin,* 556 P.2d 221 (Wyo. 1976); *Tucker v. Bunger, supra; R.G. Foster & Co. v. Fountain, supra.*

Finally, Donald Sweeten contends the trial court erred in resting its oral opinion upon the rule that the fee in a public street remains in the owner of the abutting land.

"A trial court's oral opinion is only an indication of the court's views or thinking, and does not become final until or unless it is incorporated in written findings or conclusions of law." *Johnson v. Whitman,* 1 Wn. App. 540, 541, 463 P.2d 207 (1969); *Ferree v. Doric Co.,* 62 Wn.2d 561, 383 P.2d 900 (1963). Moreover, statements contained in the trial court's oral decision cannot be used to impeach the findings, nor do they constitute proper grounds for assignments of error. They may, however, be used to interpret the court's findings. *Ferree v. Doric Co., supra* at 567. Neither the trial court's findings of fact nor conclusions of law refer to the language disputed by Donald Sweeten. Furthermore, this issue is not necessary to the determination of whether a dedication exists, nor to the determination of the precise boundaries of that dedication. Therefore, we need not reach this issue.

The judgment of the trial court is affirmed.

MUNSON, C.J., and McINTURFF, J., concur.