FILED
COURT OF APPEALS
DIVISION II

2014 FEB 20 AM 9: 24

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| EARL IDDINGS, TIMOTHY and PAMELA CLEMENTS, and CHRIS POWELL, | No. 43033-9-II |
| Appellants, | |
| v. | |
| MICHAEL and SUE GRIFFITH, MASON COUNTY, MASON COUNTY DEPARTMENT OF COMMUNITY DEVELOPMENT, and MASON COUNTY DEPARTMENT OF PUBLIC WORKS, | UNPUBLISHED OPINION |
| Respondents. | |

MAXA, J. — The appellants (collectively, Iddings) and respondents Michael and Sue Griffith dispute the scope of a public right-of-way located along Dewatto Beach Drive in Mason County, which ends on the Griffiths' property. The trial court concluded that the public right-of-way, established by common law dedication and prescription, extended 22.55 feet from the center line of Dewatto Beach Drive. Iddings appeals, arguing that the trial court erred by relying on a recent site-conditions survey rather than trial testimony and landmarks to determine the scope of Mason County's maintenance and the public's use of the right-of-way. Iddings also argues that the trial court failed to consider RCW 36.86.010 and Mason County ordinances, which he argues require that right-of-ways be wider than the width the trial court found.

We hold that the trial court's reliance on the survey and related testimony rather than other testimony of area residents and county workers was within its discretion to resolve conflicting testimony and evaluate persuasiveness of the evidence. We also hold that the survey and trial testimony provide substantial evidence in support of the trial court's finding that the public used and the county maintained the right-of-way 22.55 feet from the center line of Dewatto Beach Drive. Finally, we hold that RCW 36.86.010 and Mason County ordinances do not control the scope of the right-of-way on the Griffith property. Accordingly, we affirm the trial court.

## FACTS

The Griffith property is rectangular with 125 feet of Dewatto Bay/Hood Canal waterfront on its north side. Dewatto Beach Drive, a county road, runs along the waterfront (east to west) and through the northern part of the Griffith property near the water, ending on the Griffith property. Near the end of the road is a wide, flat area that the public consistently has used as a turnaround for several decades. Mason County maintained the road and the turnaround. Above the flat area is a steep, 50-foot sandy bluff. Most of the Griffith property is located above this bluff. The bluff regularly sloughs sand that collects at the bottom of the slope. Generally every few years or as needed, Mason County would clean out the turnaround by removing the sloughing/loose material that accumulated at the base of the slope in the turnaround area on the Griffith property.

The Griffiths sought to build a driveway off of Dewatto Beach Drive to gain access to the rest of their property up on the bluff. The project was a substantial undertaking that required construction of a retaining wall to support the bluff, storm water runoff facilities, and various permits. The Griffiths' building permit and grading permit were granted in November 2009.

2

But a few weeks after granting the permits, the county issued a stop work order because the Griffiths did not have a road access permit to connect to Dewatto Beach Drive.

The width of the right-of-way, including the turnaround, along Dewatto Beach Drive on the Griffith property became a disputed issue in the process of issuing the Griffiths a road access permit. Iddings opposed the Griffiths' proposed driveway plan and road access permit because in Iddings's view, the driveway's retaining wall would obstruct the public's right-of-way in the turnaround area. The county eventually issued the road access permit.

Iddings sued the Griffiths and Mason County, requesting declaratory judgments on the dedication of right-of-way and prescriptive easement, injunctive relief prohibiting encroachment and interference with the right-of-way, a writ of mandamus directing the county to maintain the right of way in trust for the public, and a claim for breach of trust against the county. Iddings was granted a temporary restraining order and then a preliminary injunction.

At trial, the court heard extensive testimony on the historical public use and county maintenance of Dewatto Beach Drive and the turnaround on the Griffith property from the parties, longtime area residents, regular visitors, surveyors, and current and former Mason County public works employees. The trial court also considered photographic evidence, topographical maps, and surveys. Finally, the court considered two documents, both entitled "Waiver of Claim for Damages and Consent to Locate Road" purporting to dedicate right-of-ways for Dewatto Beach Drive: one dated 1912 (1912 Waiver), dedicating a 40 foot right-of-way, and one dated 1957, known as the Beebe Waiver, dedicating a 60 foot right-of-way (30 feet from the center line). Neither waiver was recorded, but both were included in Mason County's road file on Dewatto Beach Drive.

3

At the conclusion of the trial the trial court entered findings of fact. After considering all the evidence, the trial court found that (1) the 1912 Waiver applied to Dewatto Beach Drive on the Griffith property, but the Beebe Waiver did not; (2) the 1912 Waiver constituted a common law dedication that had been accepted because Mason County had maintained and the public had used the turnaround for many years; (3) there was conflicting evidence as to the scope of that maintenance and the testimony regarding the scope of public use was vague and inexact; (4) Mason County maintained the turnaround to a maximum width of 22.55 feet from the center line of Dewatto Beach Drive; and (5) the scope of public use of the area also was 22.55 feet from the center line, the width of the current turnaround shown on a survey by Sidney Bechtold based on data collected in February 2009.

The trial court concluded that based on historical maintenance and use, Mason County and the public had impliedly accepted the common law dedication of 22.55 feet from the center line of Dewatto Beach Drive. The trial court also concluded that the elements of a prescriptive easement had been met for the 2.55 feet from the center line that exceeded the 1912 Waiver.

Based on its findings, the trial court held that Iddings had not proved that the actions of the Griffiths and Mason County threatened encroachment or interference with the right-of-way as determined by the court, Iddings was not entitled to injunctive relief, the county had not breached its trust duties, and there was no legal basis for issuing a writ of mandamus to the county. Iddings appeals.

ANALYSIS

A.   STANDARD OF REVIEW

We review a trial court's decision following a bench trial by asking whether substantial evidence supports the trial court's findings of fact and whether those findings support the trial

court's conclusions of law. *Casterline v. Roberts*, 168 Wn. App. 376, 381, 284 P.3d 743 (2012). Substantial evidence is the quantum of evidence sufficient to persuade a rational, fair-minded person the premise is true. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). We must defer to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence and credibility of the witnesses. *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 108, 864 P.2d 937 (1994). "Unchallenged findings of fact are verities on appeal." *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). We review conclusions of law de novo, even if they are mislabeled as findings of fact. *Hegwine v. Longview Fibre Co.*, 132 Wn. App. 546, 556, 132 P.3d 789 (2006), *aff'd*, 162 Wn.2d 340, 172 P.3d 688 (2007).

B.    ESTABLISHMENT OF PUBLIC RIGHT-OF-WAY

The trial court concluded that a public right-of-way had been established along Dewatto Beach Drive under the doctrine of common law dedication and that the public also had obtained a portion of the right-of-way through prescriptive easement.[1] Iddings does not challenge these conclusions.

1.    Common Law Dedication

Common law dedications are governed by common law principles and operate by way of equitable estoppel. *Kiely v. Graves*, 173 Wn.2d 926, 931-32, 271 P.3d 226 (2012). A common law dedication arises where there is "(1) an intention on the part of the owner to devote his land, or an easement in it, to a public use, followed by some act or acts clearly and unmistakably evidencing such intention; and (2) an acceptance by the public." *City of Spokane v. Catholic*

---

[1] These conclusions are mislabeled as findings of fact 33 and 34. We review a conclusion of law as such regardless of its label. *Willener v. Sweeting*, 107 Wn.2d 388, 394, 730 P.2d 45 (1986).

*Bishop of Spokane*, 33 Wn.2d 496, 502-03, 206 P.2d 277 (1949); *see also Sweeten v. Kauzlarich*, 38 Wn. App. 163, 165-66, 684 P.2d 789 (1984). Acceptance may be proved by an express act, by implication from the acts of municipal officers, or by implication from public use of the property for the purposes for which it was dedicated. *Catholic Bishop*, 33 Wn.2d at 503; *Sweeten*, 38 Wn. App. at 168. "A party asserting that a dedication exists has the burden of establishing that all the essential elements are present under the facts of the case." *Richardson v. Cox*, 108 Wn. App. 881, 891, 26 P.3d 970 (2001).

An owner's intent to dedicate is a factual question, but whether a common law dedication has occurred is a legal issue. *Sweeten*, 38 Wn. App. at 166. Where a mixed question of law and fact exists, the trier of fact must determine from conflicting evidence the existence of facts necessary to constitute dedication. *Sweeten*, 38 Wn. App. at 166. We will not disturb factual findings on appeal when they are amply supported by the record. *Sweeten*, 38 Wn. App. at 166.

Here, the trial court concluded that the public right-of-way on the Griffith property was established by common law dedication. First, the trial court found that the 1912 Waiver applied to the portion of Dewatto Beach Drive on the Griffith property, and the Beebe Waiver did not. The trial court's findings indicated that the 1912 Waiver evidenced the prior owners' intent to devote property to the public for establishment and use of a 40-foot public road.[2] Iddings does not appear to challenge these findings.

---

[2] The trial court made no express finding that the 1912 Waiver evidenced an intent to dedicate the property as a road. But such a finding can be implied from findings of fact 10, 12 and 16 and from the fact that the court then focused on whether the dedication had been accepted.

Second, the trial court concluded that both the county's maintenance and the public's use of the road/turnaround constituted an implied acceptance of the dedication offer set forth in the 1912 Waiver. Again, Iddings does not challenge the court's conclusion.

2. Prescriptive Easement

A prescriptive easement requires "(1) use adverse to the owner of the servient land; (2) use that is open, notorious, continuous, and uninterrupted for 10 years; and (3) knowledge of such use by the owner at a time when he was able to assert and enforce his rights." *810 Props. v. Jump*, 141 Wn. App. 688, 700, 170 P.3d 1209 (2007). The public can acquire the right to use a road through a prescriptive easement. *King County v. Hagen*, 30 Wn.2d 847, 856, 194 P.2d 357 (1948). Whether these elements have been satisfied presents a mixed question of law and fact. *810 Props.*, 141 Wn. App. at 700. The entity benefitted by the easement has the burden of proving the existence of a prescriptive right. *810 Props.*, 141 Wn. App. at 700. Prescriptive easements are not favored. *810 Props.*, 141 Wn. App. at 700.

Here, the trial court concluded that the evidence established the public's prescriptive easement over the 2.55 feet from the center line in excess of the 40-foot right-of-way dedicated in the 1912 Waiver. Although the trial court made no express findings regarding the elements of a prescriptive easement, this conclusion apparently was based on its findings that Mason County had maintained and the public had used an area 22.55 feet from the center line of Dewatto Beach Drive. Iddings does not challenge the conclusion that the public obtained the right-of-way through prescriptive easement, but he argues that the easement obtained was wider than 22.55

7

feet from the center line.[3]

## C.   WIDTH OF RIGHT-OF-WAY

After considering all the evidence, the trial court found that Mason County maintained and the public used 22.55 feet from the center line of Dewatto Beach Drive. Accordingly, the court concluded that Mason County and the public accepted the dedication to that extent.[4] The court also concluded that the elements of prescriptive easement had been met with regard to the additional 2.55 feet from the center line beyond the 20 foot from center line right-of-way dedicated in the 1912 Waiver.

Iddings agrees that the right-of-way had been established, but disputes its width. He claims that the trial court interpreted the scope of the right-of-way too narrowly. He argues that the evidence at trial showed that the county maintained and the public used the area to the vertical face of the bluff – which he contends is an unknown, but greater distance than 22.55 feet

---

[3] Arguably, the trial court's conclusion that the public had acquired the right-of-way through prescriptive easement is not supported by its findings of fact. Other than use and maintenance, there are no findings regarding most of the essential elements of a prescriptive easement. However, neither Mason County nor the Griffiths challenge the trial court's ruling that prescriptive easement applies, and therefore the trial court's conclusion is the law of this case. *King Aircraft Sales, Inc. v. Lane*, 68 Wn. App. 706, 716-17, 846 P.2d 550 (1993) (holding that an unchallenged conclusion of law become the law of the case). Moreover, there is evidence in the record to support the trial court's conclusion.

[4] The intent reflected in the 1912 Waiver was to establish a right-of-way 40 feet wide. At first blush it appears that the trial court erred in finding that the public could accept a width greater than actually dedicated, based on the assumption that the 1912 Waiver called for a road 20 feet wide on either side of the center line. The trial court even acknowledged that the width it found was "technically larger than the 1912 Waiver, but minimally so." Clerk's Papers at 655. There is no authority suggesting that the public can "accept" a right-of-way wider than the owner intended. However, the 1912 Waiver said nothing about a center line, and simply referred to a road 40 feet wide. Technically, a road 22.55 feet from the center line could fall within the intended 40 feet if the road was narrower on the other side of the center line. In fact, that is the case here, where the north edge of the road abuts the water.

from the center line. We hold that the scope of maintenance and public use are questions of fact, and that substantial evidence supported the trial court's factual findings.

Iddings's primary argument is that the trial court erred by relying on the 2009 Bechtold survey, which measured 22.55 feet from the center line of Dewatto Beach Drive to the toe of the slope, rather than evidence of the scope of historical maintenance and use as established by trial testimony and landmarks. He points out that the Bechtold survey merely showed the turnaround as it existed in February 2009, and did not show its historical size. And Iddings claims that in February 2009, sloughed material from the slope had narrowed the turnaround area. Iddings argues that oral testimony from area residents and county workers established that the turnaround was historically larger than the 22.55 feet shown in the Bechtold survey.

However, the record shows that the trial court did not blindly rely on the Bechtold survey while ignoring other evidence. The trial court found that there was conflicting testimony as to the scope of Mason County's maintenance as measured in distance from the center of Dewatto Beach Drive and that testimony of Mason County employees on the issue was vague and inexact. The trial court also found that "[p]laintiffs and others familiar with the turnaround area provided consistent but vague testimony as to the historical public use of the turnaround" and that "[t]estimony regarding the scope of the public use of the turnaround was inexact." Clerk's Papers (CP) at 654. And the trial court found that a survey Iddings submitted was not reliable because it was prepared using information from Iddings rather than measurements of the surveyor.

On the other hand, the trial court found that Mason County's right-of-way manager Eric Brush testified "very credibly as to Mason County's process for determining the scope of historical public use." CP at 655. Brush testified that the county's position had evolved

9

throughout the process, but ultimately, the county had relied upon the Bechtold survey because it was based on actual physical measurements of the distance between the center line and the toe of the slope in its natural condition before work was done on the turnaround. He further stated that there probably was loose material at the toe of the slope at the time of the Bechtold survey, but nevertheless the survey was a strong indicator of historical size considering the dimensions of the turnaround were variable based on the sloughing of the bluff and the county's periodic removal of the loose material at the toe of the slope. Brush testified that the bluff was receding and the county's maintenance had likely *widened* the turnaround over time.

Finally, the trial court found that surveyor Bechtold was a credible witness. Bechtold testified that the distance between the center line of Dewatto Beach Drive and the toe of the slope, which his survey showed as 22.55 feet, was measured in February 2009. He testified that he did not have information on the amount of loose material at the toe of the slope, but the sloughing and bank did not look recently disturbed.

The trial court's findings regarding the scope of the county maintenance and public use resulted from its evaluation of conflicting testimony. We must defer to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence and credibility of the witnesses. *Burnside*, 123 Wn.2d at 108. Similarly, we will not substitute our judgment for that of the trier of fact. *Sunnyside Valley Irrigation Dist.*, 149 Wn.2d at 879-80. Accordingly, we reject Iddings's argument that the trial court's reliance on the Bechtold survey was inappropriate.

In addition, as the party benefitting from the easement, Iddings had the burden of proving that the right-of-way extended beyond the 22.55 feet found by the trial court. *810 Props.*, 141 Wn. App. at 700. Iddings failed to meet this burden. He contends that historically Mason

County maintained and the public used the turnaround to the vertical face of the slope. But he was unable to provide evidence that established to the satisfaction of the trial court the actual distance between the center line and the slope at any particular time.[5] Again, we will not substitute our judgment for the trial court's judgment on issues of fact supported by substantial evidence. *Sunnyside Valley Irrigation Dist.*, 149 Wn.2d at 879-80; *Burnside*, 123 Wn.2d at 108.

The scope of maintenance and public use, and therefore the width of the right-of-way obtained through dedication or prescription, are questions of fact. The ultimate question in addressing challenges to factual findings is whether they are supported by substantial evidence. *Casterline*, 168 Wn. App. at 381. We uphold the trial court's findings that the county maintained and the public used 22.55 feet from the center line of Dewatto Beach Drive because the Bechtold survey and related testimony constitutes substantial evidence in support of those factual findings. Similarly, we hold that the findings of fact support the trial court's conclusion that a common law dedication and/or prescriptive easement established a public right-of-way of 22.55 feet from the center line.

D.    APPLICATION OF RCW 36.86.010

Iddings also argues that the trial court erred in concluding that the right-of-way was 22.55 feet from the center line because RCW 36.86.010 requires county road right-of-ways to be 30 feet from the center line. We hold that RCW 36.86.010 is inapplicable in this case.

RCW 36.86.010 provides:

---

[5] In his reply brief, Iddings explains how that area can be retroactively measured by clearing out the slough and debris to the bluff's vertical slope, surveying the distance between the slope and the center line of the road, and then reducing that by the average annual rate of reduction of the bluff due to erosion. However, he does not explain why he did not attempt to develop that evidence at trial.

11

> From and after April 1, 1937, the *width of thirty feet on each side of the center line of county roads*, exclusive of such additional width as may be required for cuts and fills, *is the necessary and proper right-of-way width for county roads*, unless the board of county commissioners, shall, in any instance, adopt and designate a different width. This shall not be construed to require the acquisition of increased right-of-way for any county road already established and the right-of-way for which has been secured.

(Emphasis added.) Further, RCW 36.75.080 provides that "[a]ll public highways in this state, outside incorporated cities and towns and not designated as state highways which have been used as public highways for a period of not less than ten years are county roads." Iddings argues that Dewatto Beach Drive qualifies as a county road and therefore must have a width of 30 feet from the center line.

However, it would make no sense to apply these statutes to a right-of-way acquired through common law dedication. First, as noted above, the first requirement for common law dedication is that the owner intended to dedicate property to the public use. *Catholic Bishop*, 33 Wn.2d at 502-03. " 'The intention of the owner is the very essence of every dedication.' " *Kiely*, 173 Wn.2d at 933 (internal quotation marks omitted) (quoting *Frye v. King County*, 151 Wash. 179, 182, 275 P. 547 (1929)). The required intent necessarily extends to the *scope* of the dedication. Here, it is undisputed that the intent reflected in the 1912 Waiver was to establish a right-of-way 40 feet wide, not 60 feet wide as suggested by the statute. Iddings has provided no authority to support his claim that RCW 36.86.010 can force an owner to dedicate more than he or she intended to dedicate. *See Van Sant v. City of Seattle*, 47 Wn.2d 196, 201, 287 P.2d 130 (1955) (presumption that roads are dedicated to the full width necessary for public travel does not apply when the owner has demonstrated a contrary intention).

Second, the scope of a dedication established through implied acceptance depends upon the facts and circumstances of each case. *Sweeten*, 38 Wn. App. at 167-68. Even if RCW

12

36.86.010 requires county roads to be 60 feet wide, the public through it acts or use may accept a lesser amount. In *Sweeten*, an unrecorded plat showed a road 20 feet wide, but the evidence established that the public never used that full width. 38 Wn. App. at 165-66. The court held that when dedication is implied through use, the scope of the dedication is confined to the area actually used. *Sweeten*, 38 Wn. App. at 167-68.

Here, the trial court found that the 1912 Waiver evidenced the owner's intent to dedicate 40 feet for a county road, that Mason County had maintained and the public had used 22.55 feet from the center line of Dewatto Beach Drive, and therefore that the dedication had been accepted to that extent. Under the doctrine of common law dedication, RCW 36.86.010 cannot trump these factual findings of the scope of the dedicator's intent and the county's or public's acceptance of the intended dedication.

Similarly, RCW 36.86.010 cannot expand the scope of an easement acquired through prescription. In order to acquire a prescriptive easement, there must be actual public use of the easement area. Use cannot be established merely by operation of a statute providing that the proper width of a public road is 30 feet on each side of the center line.

Iddings relies on *In re West Marginal Way, Seattle*, 109 Wash. 116, 186 P. 644 (1919), a prescriptive easement case. In that case, the county established a county road 60 feet in width (as required by statute in effect at that time) across the appellant's property, but only 10 to 12 feet were actually used. *W. Marginal Way*, 109 Wash. at 120-21. The Supreme Court held that the county acquired by prescriptive right the entire 60 foot width, notwithstanding the fact that only a portion of it was actually used. *W. Marginal Way*, 109 Wash. at 120-21. However, the court emphasized that the county actually had laid out and surveyed a road 60 feet wide. *W. Marginal Way*, 109 Wash. at 120-21. Further, the court confirmed that the width of property

acquired through prescription must be based on the facts and circumstances peculiar to the case. *W. Marginal Way*, 109 Wash. at 120.

The circumstances here are different than in *West Marginal Way*. First, in *West Marginal Way*, the entire right-of-way for purposes of a road was established by prescription. Here, the prescriptive rights are limited to the 2.55 feet in excess of the common law dedication. It would be unreasonable for a slight expansion of an existing right-of-way by use to automatically trigger some larger right-of-way provided by statute. Second, although the public only used 10 to 12 feet, the road in *West Marginal Way* was declared by the county as a 60-foot road and surveyed as such. 109 Wash. at 118-20. Here, there is no similar evidence of a 60-foot county declaration and accompanying survey. The only document related to the establishment of Dewatto Beach Drive is the 1912 Waiver providing for a 40-foot right-of-way. Contrary to Iddings's contention, *West Marginal Way* did not hold that the prescriptive right-of-way was 60 feet *because* the applicable statute required the county road to be 60 feet in width.

We hold that RCW 36.86.010 is inapplicable here, where the doctrines of common law dedication and prescriptive easement control the width of the right-of-way the public acquired.

E.    APPLICATION OF MASON COUNTY CODE

Iddings contends that the trial court failed to address the impact of Mason County Code (MCC) 16.28.050. MCC 16.28.050 requires turnarounds at the end of county rounds to have a "minimum right-of-way radius of not less than fifty feet." However, this section is a provision of the Mason County Platting Ordinance (which regulates subdivisions) that provides design standards for dead-end streets in plats and subdivisions. Because Dewatto Beach Drive is not in a plat or subdivision, MCC 16.28.050 does not apply here.

No. 43033-9-II

Iddings also argues that MCC 14.17.090 requires a larger turnaround area. This section provides, "A dead end fire apparatus access road longer than three hundred feet is required to provide provisions for the turning around of fire apparatus within one hundred fifty feet of any facility or structure." MCC 14.17.090. However, Iddings did not bring the trial court's attention to MCC 14.17.090. Iddings's trial court brief does not rely on MCC 14.17.090, and a search of the rest of the record does not reveal any references to the provision. The trial court does not err by failing to consider authority not brought to its attention. Moreover, we generally will not consider an issue raised for the first time on appeal. RAP 2.5(a).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

JOHANSON, A.C.J.

BJORGEN, J.

15