IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARC R. KEITH, | ) | |
| | ) | No. 37526-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FERRY COUNTY, WASHINGTON and | ) | UNPUBLISHED OPINION |
| ALL PERSONS CLAIMING ANY | ) | |
| RIGHT, TITLE OR INTEREST IN THE | ) | |
| REAL PRORETY DESCRIBED | ) | |
| HEREIN, | ) | |
| | ) | |
| Respondents. | ) | |

SIDDOWAY, A.C.J. — Marc Keith appeals the trial court's order granting summary

judgment dismissal of his complaint seeking a declaratory judgment, an order quieting

title, and compensation for inverse condemnation from Ferry County. We affirm.

FACTS AND PROCEDURAL BACKGROUND

This case arises from a dispute over whether a strip of land located within a lot owned by Marc Keith is the terminus of Empire Creek Road—a county road—or is burdened by only a private road easement held by a few neighboring landowners.  Mr. Keith contends there has never been an effective statutory or common law dedication of the portion of the road located within property that he and his late wife purchased in 2008.

The County contends that there has been an effective dedication, relying first and foremost on the Wutzke/Schinnell short plat no. 92-003, filed on June 1, 1992, under Ferry County auditor's file number 221125.  The short plat divides a portion of the S.W. 1/4, section 5, Township 38N, Range 33E, W.M., into four unevenly-sized lots.  Mr. Keith owns lot 1, the southeasterly lot:



Clerk's Papers (CP) at 192 (partial; enlarged).

Lot 1 is depicted on the plat as including "*Empire Cr. Co. Rd. #552." *Id.* The road is depicted by solid lines, enters lot 1 on its eastern border, travels westerly, and widens to end in a circle—evidently a cul-de-sac. *Id.* Next to the cul-de-sac is the notation, "end county maintained road."



*Id.* (partial; enlarged). Three other roads are depicted by dotted lines as connecting to Empire Creek County Road at the lot 1 cul-de-sac:



*Id.* (partial; enlarged). The roads depicted by dotted lines lead from the cul-de-sac to locations within lots 2, 3 and 4.

The asterisk preceding the label for "Empire Cr. Co. Rd. #552" is associated with the following inscription: "*The owners, by their consent to this Short Subdivision, grant to Ferry County a right-of-way for Empire Creek Road as indicated on this plat." *Id.*



*Id.* (partial; enlarged; highlighted).

The Wutzke/Schinnell short plat was approved on May 28, 1992, with a variance from the minimum road standards provided by section 29.00 of the County's short subdivision ordinance, Ordinance No. 72-1. The variance was based on the following findings:

> 1.     Access road to lot 2 and lot 3 are served by a road that is 16% grade, over a length of approximately 230 feet. No other properties beyond the plat appear to be served by this road.
>
> 2.     Access road to Lot 4 is served by a road that is 13% grade, over a length of approximately 450 feet. James Rave, et al, owner of 140 acres adjacent maintains an easement through lot 1, thence through southern adjacent property thence through SW corner of lot 4. Exhibit A(3) Auditor File 202220.
>
> 3.     Access for ingress, egress, etc., exists from northern boundary of property to west boundary of SE 4 of Sec 5. Access does not exist beyond that point, through Boise property.

CP at 10. Based on those findings, the platting administrator made the following recommendation:

> Attaining 8% grade from Empire Creek Road may not be possible by any method; if grade could be attained by a new road(s) with switchbacks, severe degradation of the slope would occur. Recommend that plat is approved with existing access, and with disclaimer on face regarding change of status of road, and county liability.

CP at 10. The planning commission recommended approving the variance "with [a] disclaimer on [the] face of [the] plat," which is what the platting administrator did. CP at 10. This is the variance appearing on the face of the plat:



CP at 192 (partial; enlarged).

Marc Keith and his late wife purchased lot 1 from Harry and Ruth Simenson by a statutory warranty deed filed March 27, 2008. The deed described the property they were acquiring as lot 1 of the Wutzke/Schinnell short plat no. 92-003, identified by the county auditor's file number.

Beginning no later than June 11, 2013, Mr. Keith began taking actions that interfered with others' use of the portion of Empire Creek Road that is located within lot 1. In June 2013, he relocated several neighbors' mailboxes. He later erected fences and gates that interfered with the public right-of-way. He continued to make it known to County employees that he did not believe a public right-of-way existed on his property.

On July 25, 2016, acting on complaints from other property owners, the Ferry County Commissioners passed Resolution No. 2016-21, which states:

> WHEREAS, In 1992 the Wutzke/Schinnell Short Plat #92-003 was created and approved by the Ferry County Planning Department; and
>
> WHEREAS, The Short Plat recognizes a long standing practice of the Ferry County Road Department in maintaining Empire Creek Road #5520 up to and including the cul-de-sac.
>
> NOW THEREFORE BE IT RESOLVED the Ferry County Board of Commissioners formally recognize that Ferry County had accepted the

Empire Creek Road as County Road # 5520 as it is recorded in the
Wutzke/Schinnell Short Plat #92-003 in 1992.

CP at 26 (boldface omitted).  Upon adopting the resolution, the commissioners sent Mr.

Keith a letter notifying him of the resolution.  The letter asserted that a right-of-way had

been granted for the portion of Empire Creek Road depicted on the short plat and had

been continuously maintained by the County road department.  The letter demanded that

he cease and desist obstructing the road and interfering with mail delivery.

In April 2017, Mr. Keith filed a complaint for declaratory judgment, to quiet title,

and for inverse condemnation, which he amended a month later.  He contended that the

County never accepted the dedication of the extension of Empire Creek Road into lot 1 in

light of the variance language conditioning acceptance on "bring[ing] these roads up to

county road standards."  CP at 5.

In August 2019, Mr. Keith moved for summary judgment.  The County opposed

his motion and cross moved for dismissal of his claims.  The trial court considered the

cross motions on the basis of the written submissions and granted the County's motion to

dismiss.  Mr. Keith appeals.

## ANALYSIS

"Dedications are classified as either statutory or common law."  *Sweeten v.*

*Kauzlarich*, 38 Wn. App. 163, 165, 684 P.2d 789 (1984).  "To find a dedication, two

elements must be present: '(1) An intention on the part of the owner to devote his land, or

an easement in it, to a public use, followed by some act or acts clearly and unmistakably

evidencing such intention; and (2) an acceptance of the offer by the public.'" *Id.*

(quoting *City of Seattle v. Hill*, 23 Wash. 92, 97, 62 P. 446 (1900)). The party claiming a

public right to use property as a public street bears the burden of establishing these

elements. *Id.* at 166. "Generally, certain formalities of execution and recording are

required to find an express dedication, and when an express or statutory dedication fails

to meet these formalities, it is treated as a common-law dedication." *Id.* at 167.

Washington statutorily defines dedication as "the deliberate appropriation of land

by an owner for any general and public uses, reserving to himself or herself no other

rights than such as are compatible with the full exercise and enjoyment of the public uses

to which the property has been devoted." RCW 58.17.020(3). Under the statute,

> The intention to dedicate shall be evidenced by the owner by the
> presentment for filing of a final plat or short plat showing the dedication
> thereon; and, the acceptance by the public shall be evidenced by the
> approval of such plat for filing by the appropriate governmental unit.

RCW 58.17.020(3). Ferry County Ordinance 72-1, § 03.07, likewise provides that the

intention to dedicate is evidenced by presenting for filing a short plat that includes the

dedication; acceptance is evidenced by approval of the plat in the manner provided by the ordinance.

Mr. Keith contends that the offer and acceptance required for a statutory dedication did not occur. He argues that the variance on the face of the plat reveals that the County made a conditional counteroffer rather than accept the dedication, and that the conditions of its counteroffer have never been satisfied.

Standard of Review

Summary judgment orders are reviewed de novo, with this court engaged in the same inquiry as the trial court. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c).

When construing a plat, the intent of the dedicator controls. *Roeder Co. v. Burlington N., Inc.*, 105 Wn.2d 269, 273, 714 P.2d 1170 (1986). That intention is to be determined from all the marks and lines appearing on the plat. *Id.* Plats, like other writings, are interpreted as a whole and no part of the plat should be rendered meaningless if it can be avoided. *Cummins v. King County*, 72 Wn.2d 624, 627, 434 P.2d 588 (1967).

If a plat is unambiguous, the intent, as expressed in the plat, cannot be contradicted by parol evidence. *Selby v. Knudson*, 77 Wn. App. 189, 194, 890 P.2d 514 (1995) (citing *Olson Land Co. v. City of Seattle*, 76 Wash. 142, 145, 136 P. 118 (1913)). An instrument is ambiguous when its terms are uncertain or it is capable of being understood as having more than one meaning. *M.K.K.I., Inc. v. Krueger*, 135 Wn. App. 647, 654, 145 P.3d 411 (2006). In that event, we may look beyond the plat and consider surrounding circumstances in order to determine the applicant's intention. *Id.* An instrument is not ambiguous simply because the parties suggest opposing meanings, however. *Shafer v. Bd. of Trs. of Sandy Hook Yacht Club Ests., Inc.*, 76 Wn. App. 267, 275, 883 P.2d 1387 (1994); *Mayer v. Pierce County Med. Bureau, Inc.*, 80 Wn. App. 416, 421, 909 P.2d 1323 (1995).

I.    THERE IS NO GENUINE ISSUE OF DISPUTED FACT THAT THE EMPIRE CREEK ROAD RIGHT-OF-WAY LOCATED IN LOT 1 WAS STATUTORILY DEDICATED IN 1992

A.    The intent to dedicate the right-of-way is clear from the plat

The County contends, and we agree, that the plat's depiction of "Empire Cr. Co. Road" within lot 1, and the associated language, "The owners, by their consent to this Short Subdivision, grant to Ferry County a right-of-way for Empire Creek Road as indicated on this plat," is effective as an offer. CP at 192.

Mr. Keith argues that the variance on the face of the plat gives rise to ambiguity, however, because it indicates the County conditioned acceptance of the right-of-way for Empire Creek Road on it being brought up to county road standards.

The variance on the face of the plat makes clear that it applies to the access roads to lots 2, 3 and 4:

VARIANCE from Minimum Road Standards

*The access roads to Lots 2 and 3 (16% grade) and Lot 4 (13% grade) do not meet the minimum road standards in Section 29:00 of the Ferry County Short Subdivision Ordinance No. 72-1.* The Ferry County Planning Commission has granted a variance to such road standards, finding that the public use and interests will be served.
The developers, lot purchasers, or any other parties with an interest in the lots, shall at their sole expense bring *these roads* up to county road standards prior to acceptance of such roads as county roads. The question of whether the roads meet county road standards shall be within the sole discretion of the Ferry County Engineer.

*Id.* (emphasis added). Mr. Keith argues that the variance is capable of being understood as having the meaning he suggests, but we disagree. Mr. Keith suggests an opposing meaning, but that is not the same as identifying a *reasonable* alternative meaning.

Other markings on the plat make even clearer the different intent for the right-of-way for Empire Creek Road, which is dedicated, and the access roads, which are not. The asterisked language granting the right-of-way ("The owners, by their consent to this Short Subdivision, grant to Ferry County a right-of-way for Empire Creek Road") makes the intended dedication clear. *Id.* In addition, lot 1 is marked on the plat as consisting of

3.30 acres "(less Co. R/W)," which is reasonably construed as "less County right-of-way."



*Id.* (partial; enlarged). Lines as well as words may be considered. *Kiely v. Graves*, 173 Wn.2d 926, 934, 271 P.3d 226 (2012). The right-of-way is demarked by solid lines and labeled "Empire Cr. Co. Rd.," whereas the access roads are demarked by dotted lines and labeled as easements.

Mr. Keith advances a final argument based on RCW 58.17.165 and this court's decision in *Bunnell v. Blair*, 132 Wn. App. 149, 152, 130 P.3d 423 (2006), but the statute and the case do not help him. In *Bunnell v. Blair*, the Blairs defended against a lawsuit seeking to enjoin them from using an allegedly private road. They pointed to RCW 58.17.165, which provides that "[r]oads not dedicated to the public must be clearly marked on the face of the plat," and argued that the road their neighbors contended was private was *not* clearly marked as private on the relevant plats. They also pointed to the Benton County Code, which required that private easements on a plat be labeled as "Private Road Easement," and the fact that the allegedly private road was not labeled as a

12

private road easement. *Bunnell*, 132 Wn.2d at 152. Nevertheless, this court, relying on testimony of the original owners, the surveyor, and language on the face of the plats that "'Benton County will not construct nor maintain access easement[s],'" concluded that "reasonable minds could reach but one conclusion: that a private road was intended from the outset." *Id.* at 153 (alteration in original).

Mr. Keith likens the plats' disclaimer of the county's interest in the roads in *Bunnell* to the variance on the face of the Wutzke/Schinnell short plat. But as we have already concluded, the variance applies only to the access roads to lots 2, 3, and 4. *Bunnell* actually supports the County's position, not Mr. Keith's, in recognizing that a lack of clarity on a plat suggests that a road is public, not private.

B.     Undisputed evidence establishes acceptance by the County

By statute and by ordinance, acceptance of the dedication by the public is evidenced by the approval of the plat for filing by the appropriate governmental unit. RCW 58.17.020(3); Ferry County Ordinance 72-1, § 03.07. Undisputed documents in the record demonstrate that the Wutzke/Schinnell short plat was approved for filing.

Mr. Keith baldly asserts that to prove acceptance of the dedication, the County was also required to prove, and failed to prove, that the short subdivision was approved in compliance with other Ferry County ordinances. He provides no persuasive authority or argument. RCW 58.17.030 provides that "[e]very short subdivision as defined in this chapter shall comply with the provisions of any local regulation adopted pursuant to

13

RCW 58.17.060." But it does not say that a short subdivision applicant's failure to comply with any local regulation renders an otherwise-effective dedication ineffective. Case law recognizes that only "*certain* formalities of execution and recording are required to find an express dedication." *Sweeten*, 38 Wn. App. at 167.

Further, as the County points out, RCW 58.17.180 provides that decisions approving or disapproving plats are reviewable under chapter 36.70C RCW, and under RCW 36.70C.040 review is barred unless a petition is filed and served on the necessary parties within 21 days of a challenged land use decision. Mr. Keith responds that the County did not plead the affirmative defense that his action was time-barred,[1] but his *claim* is not time-barred. He is entitled to pursue his claim that a right-of-way in his property was never effectively dedicated. His complaint does not seek a declaratory judgment that the plat was not validly approved—if it did, that claim *would* be time-barred. The almost 30-year-old plat is final and unreviewable. *See Yorkston v. Whatcom County*, 11 Wn. App. 2d 815, 826, 461 P.3d 392, *review denied*, 195 Wn.2d 1020, 464 P.3d 202 (2020) (because there was no timely objection, "the validity of the 1884 commission decision is beyond challenge. Yorkston is free to seek a declaration as to the effect of that valid decision.").

---

[1] The County would likely have been allowed to amend its answer and assert a limitations defense had this been perceived as an obstacle to summary judgment. *See, e.g.*, *Greenhalgh v. Dep't of Corr.*, 170 Wn. App. 137, 282 P.3d 1175 (2012).

There is no genuine issue of material fact, and the County was entitled to summary judgment dismissal of Mr. Keith's request for a declaration that the road claimed by the County to be public is in fact private. Having found that the road was created by a statutory dedication, we need not address the County's alternative argument that the evidence also establishes a common law dedication.

III. MR. KEITH'S COMPLAINT WAS PROPERLY DISMISSED IN ITS ENTIRETY

At oral argument, Mr. Keith's counsel initially acknowledged that if we were to hold that the county road right-of-way was statutorily dedicated in 1992, as we do, then all three of his claims for relief were properly dismissed. Wash. Court of Appeals oral argument, *Keith v. Ferry County*, No. 37526-9-III (Mar. 9, 2021), at 1 min., 59 sec. to 2 min., 16 sec. (on file with court). He later argued that Mr. Keith's inverse condemnation claim remains viable, however, at least in part, based on his alleged payment of property taxes on the portion of his property burdened by the Empire Creek Road right-of-way. *Id.* at 26 min., 41 sec. to 28 min., 19 sec.

We have carefully reviewed Mr. Keith's amended complaint and find no claim that remains viable. His alleged payment of taxes is raised only as evidence of the allegedly private character of the road and the County's alleged nonacceptance of the right-of-way. The only claim for "compensation" made in connection with the inverse condemnation claim is for interference, taking, or injury to his "ownership interest" in

15

real property.  Use of the road, since it is a public road, is not a basis for inverse condemnation.

If Mr. Keith has a claim for overpayment of taxes, it was not asserted in this action.  Subject to any defenses, it will survive dismissal of his complaint.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, A.C.J.

WE CONCUR:

Staab, J.

Fearing, J.